In re the MARRIAGE OF Glenda L. DICKEY, Petitioner-Appellee,

and

Robert P. Dickey, Respondent-Appellant.

No. KCD 28665.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

John J. Hager, Donald M. Fehr, Gant, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, for respondent-appellant.

Donald L. Allen, Donald L. Allen, a Professional Corp., Lee's Summit, for petitioner-appellee.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The husband appeals from a dissolution of marriage decree and an award of $75,000 as maintenance in gross in favor of the wife after hearing conducted without notice to the husband and without his appearance.

The answer of the husband to the petition for dissolution, which denied that the marriage was irretrievably broken, had been stricken by the trial court for the recurrent and obdurate refusal of the husband to make discovery. The cause was then placed on the default docket for hearing. Notice of the proceeding was nevertheless attempted by mail upon the defendant husband, but was misdirected. The cause was heard on evidence and went to judgment without the appearance of the husband.

The appeal contends that the requirement of § 452.320.1 [and of counterpart Rule 4.07 of the Sixteenth Judicial Circuit], that where the parties allege the marriage is irretrievably broken [or one party so alleges and the other does not deny] notice be given the absent party by mail in the manner specified before the court shall enter the decree of dissolution, is mandatory and jurisdictional to the decree. The argument contends that the order which struck his pleading effectively rendered him to the status of a party who had not denied the allegation that the marriage was irretrievably broken, and so entitled him to the notice benefit of § 452.320.1. The appeal contends also that the refusal of the court to set aside its orders was error since he

made proof of meritorious defense and legal excuse for the default—the predicates necessary to the requested relief.

■ The rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense, but is treated as a judgment upon trial by the court. *Jewell v. Jewell*, 484 S.W.2d 668, 672[2] (Mo.App.1972). Thus, the principles which govern this appeal do not relate to default judgments as such, but to the discretion of the court—in the circumstances—to impose a sanction which renders the cause uncontested and subject to judgment.

The chronology of events which led to the order to strike the answer and eventual judgment against the defendant show:

On July 8, 1974, the wife filed the petition for dissolution which alleged the marriage was irretrievably broken.

The husband answered and denied that allegation.

Two months later the wife served interrogatories on counsel for the husband.

A month later, she moved to compel answers. That motion was sustained.

Another month later, the wife moved to strike the answer for failure of the husband to comply with the order to make answers to interrogatories.

Then counsel for the husband made application for legislative continuance. Application granted and motion to strike answer overruled.

[After conclusion of legislative session] the wife moved again to strike the answer for failure to comply with the order. Notice given to husband of hearing on the motion.

Order of the court to strike answer of the husband.

Within days the husband moved to set aside this order on the allegations that the records sought had been with his bookkeeper who had just died and were then in the possession of persons unknown.

This motion was sustained and the original answer reinstated.

On September 5, 1975, the wife moved (1) for an order of contempt against the husband's failure to comply with the November 26, 1974, order to answer interrogatories; (2) to strike the answer and give notice that hearing on the motions be set for September 8, 1975.

On September 8, 1975—the husband did not appear; the answer of the husband is ordered stricken.

On November 4, 1975, the wife filed request with the Court Administrator for the Sixteenth Judicial Circuit to mail notice of hearing for dissolution of marriage in the form of § 452.320. This request listed the incorrect address for the husband: 160th and Highway 291 South, *Lee's Summit*, Missouri instead of 160th and Highway 291 South, *Greenwood*, Missouri—where he had been personally served.

The notice was mailed as requested without copy to counsel for the husband. The notice was returned *addressee unknown*. On December 11, 1975, hearing was held on the petition for dissolution of marriage. The husband was neither present nor represented by counsel. The court noted the notice had been sent out and returned. The wife was the only witness and on her testimony the court found that the husband made default, that the marriage was irretrievably broken, and entered judgment for dissolution of marriage, maintenance in gross to the wife and an attorney fee.

■ The appeal rests entirely on the premise that the notice requirement of § 452.320.1[1] [and counterpart Rule 4.07 of the Sixteenth Judicial Circuit] is mandatory, and absent compliance—as where notice is sent to the wrong address—the court may not proceed. As asserted by the husband on this appeal, this premise subsumes another proposition: that § 452.320.1 requires notice *prior* to the order of dissolution. That is the effect which local Rule 4.07[2] gives to the statute and explains the request by the wife for a notice on the husband by mail in the manner prescribed by § 452.320.1 *ten days before* the date for hearing on dissolution. We do not reach that definitive issue of statutory meaning. We do note, however, *Brand v. Brand*, 534 S.W.2d 628 (Mo.App.1976) treats the notice procedure of § 452.320.1 as operative *after* the determination of dissolution [l.c. 630–1[1–3]] and holds, in any event, that by the plain text of that statute failure of the party to receive notice does not affect the power of the court to enter a decree.

■ The failure of notice to the husband in these circumstances did not affect the validity of the judgment against him, if for no other reason than that his presence could add no efficacy to the proceedings. The court had stricken his answer so the husband had no standing to make a contested issue. The authority of the court to proceed to judgment derived not from § 452.320.1—as the husband contends—but from the sanction provisions of Rule 61.01(b). Our courts have consistently held that a default judgment which results from a sanction does not deny a defendant due process of law. *Miles v. Armour*, 239 Mo. 438, 144 S.W. 424, 426 (1912); Divilbiss,

---

1. The relevant portion of § 452.320.1 provides:
 If both of the parties by petition or otherwise have stated under oath or affirmation that the marriage is irretrievably broken, or one of the parties has so stated and the other has not denied it, the court . . . *after a hearing thereon* shall make a finding whether or not the marriage is irretrievably broken, and where one of the parties has not denied it *the court shall cause to be deposited in the United States mail* an envelope . . . deliver to addressee only . . . enclosing a notice *to the party not denying that absent objection from said party being filed within ten days* . . . *that a finding the marriage is irretrievably broken and an order of* dissolution of the marriage may be entered of record. The failure of such party to receive such notice shall not impair the power of the court to enter an order dissolving the marriage or the validity of such an order. [Emphases added]

2. The husband argues the effect of local Rule 4.07 for the first time on appeal. The text of the rule was not in evidence and we may not take judicial notice of the rules of the circuit court. *Cusack v. Green*, 252 S.W.2d 633, 635[2] (Mo.App.1952). The procedures adopted by the wife can be understood only by reference to the general purport of that rule.

Practice and Procedure in Missouri, 27 Mo. L.Rev. 557 (1962). The rationale is that the lawmaker has the power, from the failure of a defendant to produce information necessary to the disposition of a cause, to create a presumption that there is no merit in the asserted defense. *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909). See, also, Annotation: Pre-Trial Proceedings—Nonappearance, 6 A.L.R.3d 714, 719.

 Rule 61.01(b) and § 510.060 empower a court to strike pleadings and enter a default judgment against a party who fails to obey an order to answer interrogatories. The discretion allowed by this rule is subject to review and will not be disturbed unless exercised unjustly. *In re M*, 446 S.W.2d 508, 513[13–16] (Mo.App.1969). The default of a party is a drastic punishment and is most aptly invoked where the party has shown a contumacious and deliberate disregard for the authority of the court. 27 C.J.S. Dismissal and Nonsuit § 59, p. 407.

 The sanction of the court which led to the default was a reasonable response to the resistance of the husband to the lawful orders for discovery. The history of the litigation shows that his pleading was struck two times for the same disobedience, once set aside but finally given effect by the default. Even these continuous refusals by the husband to disclose the state of his property deprived the court of information necessary to a considered decision. We will not hear him now say that his absence at that adjudication placed him at a disadvantage.[3]

The judgment is affirmed.

All concur.

_____

3. Many of the cases cited in the briefs of the parties—such as *Hinson v. Hinson*, 518 S.W.2d 330 (Mo.App.1975) and *Czapla v. Czapla*, 538 S.W.2d 53 (Mo.App.1975)—do not bear on the decision and so are not mentioned.