Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for respondent.

■ In the present case, the jury has to decide whether Nitsche signed the second deed of trust recorded by the Bank. If the jury finds in favor of Nitsche on that issue, the holding in *Greenlake* would support an award of at least nominal damages, which in turn could sustain an award of punitive damages. *Id.* at 699. As the court stated in *Euge*: "... although plaintiff may have difficulty proving his allegations, he should be afforded his day in court ...." 551 S.W.2d at 932.[1]

The judgment resulting from the trial court sustaining the Bank's motion for directed verdict is reversed and the cause remanded.

David HARRIS, Respondent,

v.

Astrid Amda Hooyberg HARRIS, Appellant.

No. 42656.

Missouri Court of Appeals, Eastern District, Division Three.

May 18, 1982.

SNYDER, Judge.

Appellant, Astrid Amda Hooyberg Harris, appeals that portion of her dissolution of marriage judgment distributing the parties' marital property. Appellant's sole point on appeal is that the St. Louis County Circuit Court failed to divide all of the property. The judgment is affirmed.

The parties married on June 7, 1975 and separated on October 6, 1978. Respondent filed a petition for dissolution on October 25, 1978. During the marriage respondent, David Harris, operated a travel agency, Uni-Travel Corporation. Respondent was president and majority stockholder. Appellant was a full time student at Washington University at the time of the dissolution.

Respondent's business consisted primarily of organizing charter flights. Changes in

---

**258**

Civil Aeronautics Board regulations made respondent's business extremely profitable and he reported taxable income of $117,000 in 1977 and $125,000 in 1978. Deregulation of the airline industry in 1978 and 1979, however, ended the profitability of respondent's business. During 1979 respondent earned only $15,230.00.

The record is replete with testimony concerning the details of the purchase and sale of various municipal bonds, the purchase of a residence at St. Eustatia, Netherlands Antilles in the Caribbean, and expenditures made by respondent in his business. Appellant accused respondent of financial and other misconduct. The marriage was unstable almost from the beginning.

Appellant's claim is essentially twofold. First appellant claims the court failed to distribute approximately $57,800 in proceeds from the sale of bonds. Appellant's second contention is that respondent unreasonably dissipated the marital assets during the pendency of the dissolution. Appellant claims that the trial court should have counted these allegedly wasted assets in its distribution of marital property. By failing to consider these assets, she says, the trial court either failed to distribute all marital property before it or, in effect, granted respondent an unreasonably large share of the parties' property. Both points are ruled against appellant.

A thorough review of the transcript of the testimony concerning the couple's finances leads to the conclusion that the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. There was no error in the declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–2] (Mo. banc 1976). An extended opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P. J., and CRIST, J., concur.