**Reba PORTELL, Petitioner-Appellant,**

v.

**Everett PORTELL,
Respondent-Respondent.**

**No. 44822.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 14, 1982.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1982.

---

1. The only distinction between this case and *Roberts,* supra, is that the "general question" to which Roberts refers were questions directed to the jury panel by trial counsel concerning whether the prospective juror's would follow instructions trial counsel told the jury would be given by the court. The principle involved is the same however, and the purpose of the questions are to ascertain whether the prospective juror understands the law and will abide by it. In either case, unless the juror binds himself to follow the law he is not qualified to serve.

Francis L. Ruppert, Clayton, for petitioner-appellant.

Marc L. Sandberg, St. Louis, for respondent-respondent.

GUNN, Presiding Judge.

In this dissolution of marriage proceeding, the petitioner-appellant's pleadings were struck for failing to file timely answers to interrogatories. Default judgment was against petitioner. Her appeal alleges (1) trial court abuse of discretion in striking her pleadings and entering the default judgment; (2) error in refusing to allow her to participate in the trial; (3) error in the division of marital property. We affirm.

Petitioner-appellant instituted the dissolution proceedings which dawdled in court for a substantial period of time—about two years—before coming to a head. In response to the respondent's motion for sanctions for failing to answer interrogatories, the trial court issued the following order:

Respondent's motion for sanctions for failure of petitioner to answer interrogatories heard and sustained. Petitioner granted six (6) days or until September 10, 1980 to file said answers to Respondent's interrogatories, upon petitioner's (sic) failure to do so, Petitioner's pleadings are hereby ordered *striken (sic) and judgment by default is ordered* in favor of Respondent and against Petitioner. (emphasis added)

■ Appellant's argument that the foregoing order is invalid on its face as being prospective on the occurrence of a future event is without merit. The trial court's action is within the scope of Rule 61.01(b) and fully authorized. *J & J Window Sales, Inc. v. Mueller,* 567 S.W.2d 153, 154 (Mo.App.1978).

■ It is within the trial court's sound discretion whether or not to impose the sanctions here applied. *Cole v. Cole,* 633 S.W.2d 263, 266 (Mo.App.1982). We find no abuse of discretion in this instance. Both parties were fully aware of the consequences of failing to comply with the court's order calling for the filing of answers to interrogatories which went unanswered for over three and one half months before imposition of the sanctions. The appellant's conduct, or lack of action, readily translates into a display of contumacious and deliberate disregard for the trial court's authority. The answers, when ultimately filed, were incomplete and interfered with scheduled deposition dates and trial settings. This disregard for authority served as a proper basis for the court imposed sanctions. *Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 10 (Mo.App.1980); *In re Marriage of Dickey,* 553 S.W.2d 538, 541 (Mo.App.1977).

■ Nor was there abuse of the trial court's substantial discretion in refusing to set aside the default judgment. The appellant must establish both meritorious defense and good cause or excuse for its failure to comply with the court order. *In re Marriage of Fales,* 618 S.W.2d 260, 261 (Mo.App.1981). The default judgment will not be set aside on appeal unless reasonable excuse and meritorious defense are so clearly apparent that failure to set aside the judgment is arbitrary. *Metts v. Metts,* 625 S.W.2d 896, 901 (Mo.App.1981). Our review of the record discloses no arbitrary action by the trial court.

■ The trial court, relying on *In re Marriage of Dickey,* 553 S.W.2d at 540, and *Schulz v. Schulz,* 612 S.W.2d 380, 382 (Mo.App.1980), refused to allow the appellant to testify, cross-examine or call witnesses, though offers of proof by her counsel were permitted. The judgment entered in this case resulted by imposition of Rule 61.01(b) sanctions, which is not the default judgment in the ordinary sense but is treated as a judgment upon trial by the court. *In re Marriage of Dickey,* 553 S.W.2d at 539. The sanctions prohibiting appellant's participation in the trial were therefore within the trial court's discretion.

■ Appellant next contends that the trial court erred in refusing to grant a new trial, in that respondent allegedly misrepresented facts to the trial court in his testimony. She alleges that respondent resorted to fraud and misrepresentation in his testimony regarding the parties' property when appellant was not allowed to participate in

the hearing. But appellant's allegations of false testimony relate to intrinsic fraud and do not form a proper basis for setting aside the judgment obtained in this case. *See*, *LaBarge v. LaBarge*, 627 S.W.2d 647, 648 (Mo.App.1981); *Koeller v. Koeller*, 589 S.W.2d 620, 623 (Mo.App.1979); *Human Development Corporation of Metropolitan St. Louis v. Wefel*, 527 S.W.2d 652, 655 (Mo. App.1975), holding that relief can be granted only for extrinsic fraud leading to attainment of judgment and cannot be granted for intrinsic fraud touching the merits of the case.

Finally, appellant complains that the property division was not supported by the weight of the evidence. We have reviewed the record, and find, after applying the requisite statutory criteria [1], that the decree is supported by substantial evidence, is not against the weight of the evidence and does not erroneously declare or apply the law. *Harris v. Harris*, 634 S.W.2d 257, 258 (Mo. App.1982). This is so despite widely disparate estimates as to property values.

Judgment affirmed.

CRIST and SIMON, JJ., concur.

---

1. Section 452.330.1, RSMo (Supp.1981).