M.H. CROMPTON, Plaintiff-Respondent,

v.

CURTIS–TOLEDO, INC., Defendant-Appellant.

No. 45148.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 13, 1983.

Application to Transfer Denied Jan. 17, 1984.

---

Gerard F. Hempstead, Clayton, for defendant-appellant.

Steven G. Schumaier, Clayton, for plaintiff-respondent.

KELLY, Judge.

Appellant, Curtis-Toledo, Inc., appeals from a judgment entered in the Circuit Court of St. Louis County on behalf of respondent, M.H. Crompton, on a jury verdict for $33,175.00 in actual damages and $30,000.00 punitive damages[1] for violation of the Service Letter Statute, § 290.140 V.A.M.S. We reverse.

Respondent was discharged from his employment with appellant as Sales Manager for appellant on November 30, 1977. At the time of his discharge he was 59 years of age and had been an employee of appellant for approximately 8 years. On December 14, 1977, he requested, in writing, that appellant furnish him a "service letter." On January 3, 1978, appellant replied to his request stating that he was terminated because of "unreconcilable personality differences and differences of opinion regarding marketing methods and philosophies." The letter, over the signature of "Gary G. Morris, Vice-President of Marketing" of appellant, continued: "It was determined that an effective marketing program could not be formulated and implemented if I, as Vice-President-Marketing, and you, as General Sales Manager, did not get along and did not have similar marketing methods and philosophies."

Following receipt of this service letter respondent instituted this action alleging that this service letter did not state the true reason for his discharge, in violation of § 290.140 V.A.M.S.

Appellant's first grounds for reversal of the judgment and remand of the case for a new trial is that the trial court erred in permitting witness John Lieber to testify in behalf of the respondent and in refusing to grant a recess so that it could depose said witness because the identity of the witness was not disclosed by plaintiff in discovery and it was surprised and prejudiced by the witness's testimony.

In preparation for trial appellant engaged in extensive discovery. It took respondent's deposition and directed three sets of interrogatories to him. When his deposition was taken on February 19, 1979, he was asked: "Do you recall the name of the district manager at Atlas-Copco who you talked to?" He responded: "No." He was also asked: "Were you ever told, Mr. Crompton, by anyone that they would not hire you because of the service letter?" His response was: "No."

In appellant's third set of interrogatories respondent was asked to state the name, title and address of each person with whom he discussed employment, or to whom he gave a resume or application after he was terminated at Curtis-Toledo. Respondent's response was that he had "long since destroyed any records of responses and names contacted." He answered further that he had answered all kinds of newspaper ads, sent resumes and registered in two employment offices but that only Teco and Atlas-Copco responded.

To decide this issue we must scan the record on appeal to ascertain the chronology of the discovery process.

After respondent's services were terminated he sought employment with a number of potential employers. One of these was Atlas-Copco. He applied for employment there in the early part of August, 1978, was interviewed by John Lieber, its district manager. He told Mr. Lieber that his employment with Curtis-Toledo was terminated for the reasons stated in the service letter. He was not employed by Atlas-Copco at that time.

About mid-August, 1978, he was employed by Teco, Incorporated as a sales representative, and remained so employed for eight or nine months when Mr. Lieber con-

---

1. The jury awarded respondent $109,000.00 punitive damages but the trial court ordered that he remit $79,000.00 of the punitive damages award or appellant's Motion for New Trial would be sustained. Respondent chose to make remittitur.

tacted him and he was employed by Atlas-Copco on May 31, 1979, and was still so employed as a sales representative for that company at time of trial.

The trial of this cause commenced on August 17, 1981. Respondent was the first witness in plaintiff's case and at the conclusion of his testimony a conference was conducted in the chambers of the trial judge so appellant's counsel could make a record out of the hearing of the jury. At this conference appellant's counsel moved the trial judge to prohibit Mr. Lieber from testifying for the reason his name was not mentioned until the voir dire examination of the jury despite the fact that a specific request had been made by respondent for the names of individuals who were aware of respondent's job applications and to what companies he had made application. Appellant's objection to Mr. Lieber testifying was the failure of respondent to supplement his answer to either the deposition or interrogatories when information came to his attention which changed any of his answers given at the time of the taking of his deposition or the filing of his answers to interrogatories. Mr. Lieber, appellant's counsel contended, was being called to testify concerning an application for employment with Atlas-Copco and whether that corporation refused to hire appellant because of the service letter.

In the alternative, if the trial court denied appellant's motion to bar Mr. Lieber from testifying, appellant requested that the trial be recessed until the following morning so Mr. Lieber's deposition could be taken during the afternoon.[2]

The trial court overruled appellants motions to prohibit Mr. Lieber from testifying and to afford it an opportunity to take his deposition, the latter because it would delay the progress of the trial.

Mr. Lieber was then permitted to testify concerning a job interview he had with the respondent in August, 1978. During this interview respondent related to him the contents of the service letter. According to Mr. Lieber he did not hire respondent at that time because of the service letter and his age.

█ The purpose of § 290.140 V.A.M.S. is to deter employers from destroying or severely impairing the employability of former employees by furnishing false or misleading information as to their service or false reasons for their discharge. *Stark v. American Bakeries,* 647 S.W.2d 119, 123[3] (Mo. banc 1983). An employee has a private cause of action against a former employer who furnishes a service letter with false or inaccurate reasons stated for the employee's separation. *Stark,* 647 S.W.2d l.c. 123. To recover substantial actual damages however, the former employee must show that he was either refused employment or that he was hindered in securing employment by reason of the erroneous information regarding his termination contained in the service letter furnished him by his former employer, and the salary rate of the job that in fact existed with the prospective employer who turned him away. *Rotermund v. Basic Materials Company,* 558 S.W.2d 688, 691[2] (Mo.App.1977).

To this end, appellant attempted through various discovery procedures to ascertain the circumstances under which respondent may have been damaged because of the service letter furnished him at his request. Appellant claims that respondent deliberately failed to disclose the name of Mr. Lieber in his deposition or in answer to interrogatories 9 and 10 of its third set of interrogatories filed and also failed to supplement those answers as required by Rule 56.01(e)(1) by furnishing it Mr. Lieber's name as a person with whom he discussed employment after his employment with appellant was terminated.

Respondent's deposition was taken on February 19, 1978, and he deposed as follows:

    Q: You say you told someone at Atlas-Copco about the letter?

---

2. This in-chambers discussion took place when the trial court reconvened following a luncheon recess.

A: The district manager.

Q: What did you tell him about the letter?

A: He asked me the reason why and I told him it was incompatibility and not having the same market viewpoints.

Q: What did he say?

A: No comment.

Q: Did you fill out an application with Atlas-Copco?

A: No. I left my resumé with them. After I told them about this letter and gave them my age the conversation came to a screeching halt and I left.

Q: Do you recall the name of the district manager___

A: No, I don't.

Q: ___ at Atlas-Copco who you talked to?

A: No, I don't.

On May 2, 1980, appellant's third set of Interrogatories directed to respondent contained the following:

9. After your employment with defendant was terminated did you seek employment with any other corporation, company, association, organization, partnership or individual?

Answer: Yes. Kellog-American, Oakmont, Pa.

Amark Industries, Portland, Ore.

Campbell-Hausefeld, Hanison, Ohio

Saylor-Beale, St. John, Michigan

Robbins & Myers, Springfield, Missouri

Atlas-Copco, St. Louis, Missouri

Teco, Inc., St. Louis, Missouri

Sullair Inc., St. Louis, Missouri

10. If your answer to interrogatory No. 9 is in the affirmative then state:

A. The name and address of each such corporation, company, association, organization, partnership or person and dates of all such applications for employment.

B. The name, title, and address of each person with whom you discussed such employment or gave a resume or application to.

C. Whether you were offered employment by any such corporation, company, organization, association, partnership or individual and if you declined such employment state the reasons why.

D. Whether you received any written notification from any such corporation, company, association, organization, partnership or individual concerning your application; if so, please attach copies of same.

Answer: See above.

Have long since destroyed any records of responses and names contacted. On top of these, answered all kinds of newspaper ads, sent resumes (had 100 printed), registered in two employment offices—all no action, except Teco and later Atlas-Copco.

When respondent remembered Mr. Lieber as one of those with whom he discussed employment is not in evidence; but it is evident that it was some time prior to trial. At no time prior to trial did respondent supplement his answers in the deposition nor in the third set of interrogatories directed to the identity of Mr. Lieber as the person with whom he discussed employment at Atlas-Copco.

■ It is no longer debatable that a Missouri trial court is vested with broad discretion to either admit or reject testimony of a witness whose identity and location, though known to the party tendering said witness, was not revealed to his adversary in answers to questions propounded to said party during the taking of his deposition or to written interrogatories directed to ascertaining the identity of such witness having knowledge of discoverable material. *Thomas v. Fitch,* 435 S.W.2d 703, 706–708 [1, 3] (Mo.App.1968).

Since the decision of *Laws v. City of Wellston,* 435 S.W.2d 370, 374[2] (Mo.1968) where after-acquired information is of a material nature, or where it will render answers to interrogatories originally given untruthful, unreliable, or inaccurate, an obligation to disclose such after-acquired information continues; and any information which is of a substantial nature and which will render answers theretofore served un-

truthful, unreliable, or incomplete must be disclosed.

Subsequent to this decision Rule 56.01 was amended incorporating the holding of the Laws case effective January 1, 1975. This requirement to supplement has been referred to as the "continuing duty doctrine." *Claude T. v. Claire T.*, 579 S.W.2d 141, 143[3] (Mo.App.1979).

However, it has been said that "in spite of the 'duty' now clearly imposed upon an answering party by Rule 56.01(e)(1), failure to correct or supplement may not, in all circumstances, be fatal to the answering party's cause." *Keenoy v. Sears Roebuck and Company*, et al., 642 S.W.2d 665, 669 (Mo.App.1982). Even where this duty to supplement has been established, prior to imposing sanctions on the errant party "the trial court will first determine whether in the particular situation the opposing party has been prejudiced." Laws, 435 S.W.2d l.c. 375; *Skelton v. General Candy Company*, 539 S.W.2d 605, 614[24] (Mo.App.1976).

In making a determination as to prejudice to the adversary the trial court should not ignore the spirit of the rule; i.e. that the rules of discovery were designed to eliminate, as far as possible, concealment and surprise in the trial of law suits to the end that judgment therein be rested upon the real merits of the causes and not upon the skill and maneuvering of counsel. It necessarily follows, if such rules are to be effective, that the courts impose appropriate sanctions for violations thereof. *Everett v. Morrison*, 478 S.W.2d 312, 314 (Mo. 1972).

The trial judge's denial of appellant's motion to exclude Mr. Lieber's testimony was based upon the failure of the appellant to ascertain the name of the district manager of Atlas-Copco after respondent in his deposition testified that he had told said district manager about the service letter. In explaining his ruling the trial court said: "If you wanted to find out who the district manager was, it would seem to me very elementary you could have found out by just a phone call or any other way who the

district manager was. If he says he didn't know it and kept answering the interrogatories he didn't know it, then the thing was to find out the man's name and face him with it in the deposition."

A ruling of this nature fails to recognize the right of the appellant to rely upon Mr. Crompton's testimony in the deposition that he did not know Mr. Lieber's name and that appellant was not obliged to pursue the matter through repetitive questions or interrogatories to ascertain the witnesses name. *Thomas v. Fitch*, 435 S.W.2d l.c. 708. The duty to supplement his answer was on respondent once he ascertained the name of the district manager, and his failure to supplement constituted a failure of the respondent to comply with Rule 56.-01(e)(1) in this respect.

The trial court made no effort to determine whether the failure to update respondent's answer to the deposition that he did not know Mr. Lieber's name nor the answer to Interrogatory No. 10(B) asking for the name, title and address of each person with whom he discussed employment or gave a resume or application to subsequent to his discharge, prejudiced appellant. He made no inquiry concerning when respondent first learned Mr. Lieber's name nor why, once he had done so he failed to carry out his "continuing" duty to supplement his answer to the query at the deposition and the question propounded to him by written interrogatories seeking this information.

The record establishes that at least as early as May 31, 1979, the date he was hired by Mr. Lieber, respondent became aware of the name of the district manager for Atlas-Copco with whom he discussed the prospect of employment in August, 1978. Nevertheless for a period of approximately twenty-seven months he did not notify appellant that his answer to the deposition regarding the identity of Atlas-Copco's district manager was now known to him, nor did he amend these answers to interrogatories and supply Mr. Lieber's name to appellant.

Appellant's third set of interrogatories were certified to have been served on respondent's counsel by mail on May 1, 1980.

On May 19, 1980, respondent filed objections to Interrogatories 4, 6 and 7, and on June 2, 1980, respondent filed amended objections to Interrogatories Nos. 5 and 10 of the third set of interrogatories. The answers to the appellant's third set of interrogatories were filed on July 23, 1980. Nevertheless, respondent, despite the fact he had been employed at Atlas-Copco since May 31, 1979, did not answer Interrogatory 10(B) requesting "[t]he name, title, and address of each person with whom you discussed such employment or gave a resume to." Rather, as set out above, his answer evaded the question, despite the fact that by the time these answers were filed he had been employed by Atlas-Copco for more than a year and knew that he had discussed employment with Mr. Lieber following termination of his employment with appellant. Here again, respondent failed to comply with the mandate of Rule 56.01(e)(1) and correct his answer to the interrogatory.

■ Without Mr. Lieber's testimony respondent could at best have been entitled to nominal, not actual,[3] compensatory damages upon a finding that the service letter did not truthfully state the reasons for his discharge. *Rotermund v. Basic Materials Co.,* 558 S.W.2d l.c. 691. He is the only witness who testified to the adverse effect the service letter had on respondent's employment opportunity, the availability of such employment and the wages for such position. Under the circumstances it is clear that appellant was prejudiced by this concealment of Mr. Lieber's identification and we hold that respondent should have been subject to sanctions for failure to comply with the requirements of Rule 56.-01(e)(1).

■ The trial court erred in denying appellant permission to take Mr. Lieber's deposition prior to his taking the witness stand, or, in the alternative, permitting appellant's counsel an opportunity to interview Mr. Lieber to ascertain what his testimony would be.

The failure of the trial court to make a determination whether the concealed witness's testimony would be prejudicial to appellant and basing his ruling on the failure of appellant to locate the witness through its own investigative methods, where respondent had a continuing duty to update his answers in deposition and in interrogatories, constituted an abuse of discretion which requires that we set aside the judgment and reverse and remand this cause to the trial court for a new trial. At that time appellant's objection to the witness's testimony on the grounds which required reversal will no longer be valid because appellant now knows the name of Atlas-Copco's district manager and what his testimony will be.

Appellant was granted leave to supplement its brief prior to oral argument and raised, for the first time the question whether the amendment of § 290.140 RSMo 1978, proscribing any award for punitive damages and which became effective on August 13, 1982 was to be applied retroactively to deprive respondent of the award for punitive damages. We refer appellant to *Arie v. Intertherm, Inc.,* 648 S.W.2d 142, 158–159[33] (Mo.App.1983). The section of the statutes cited by appellants—§ 1.160 RSMo 1978, applies to criminal offenses and has no application to civil actions.

Because of the result reached in this case the other Points Relied On need not be reached.

Judgment reversed and remanded to trial court for a new trial.

PUDLOWSKI, P.J., and SNYDER, J., concur.

---

**3.** Of course, in addition to nominal compensatory damages, respondent could recover punitive damages if the evidence showed either actual or legal malice.