Rosario R. RUSSO,
Plaintiff-Respondent,

v.

David R. WEBB, Patricia A. Webb,
Defendants-Appellants,

and

Title Insurance Company of Minnesota,
A Corporation, Defendant.

No. 13606.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 1, 1984.

Edward T. Wright, St. Louis, for plaintiff-respondent.

Lawrence N. Koeln, Centerville, for defendants-appellants.

PREWITT, Chief Judge.

Appellants seek the reversal of the trial court's order striking their answer and entering a judgment in favor of respondent on the count of his petition directed against appellants.

Respondent filed a two count petition on January 29, 1982. The first count sought judgment against appellants for $25,000, contending that respondent purchased a tract of land from appellants which they represented to contain "80 acres more or less", but was only 57.037 acres. Count two sought damages against Title Insurance Company of Minnesota based on a title insurance policy.

Various motions and other pleadings were filed and on July 12, 1982, appellants filed an answer. On December 10, 1982, interrogatories were propounded to appellants. On December 13, 1982, appellants' attorney sought leave to withdraw, which was apparently granted. No objections were made to the interrogatories nor were answers to them filed.

On June 22, 1983, respondent filed a motion for sanctions under "Rule 61.01(b)." A copy was served on appellants. A notice calling it for hearing on August 9, 1983, and stating that respondent would request a trial setting at that time was mailed on June 22nd to appellants. At that time they apparently were not represented by an attorney in this action. On August 9, 1983, the court took up the motion for sanctions, sustained it, struck appellants' pleadings, and set the case for trial on September 6, 1983. Apparently appellants did not appear at that hearing.

Respondent's attorney mailed a notice to appellants on August 9, 1983, notifying them of the trial setting and informing them that on September 6, 1983, "since the Court sustained Plaintiff's motion for sanctions on this date, and struck and dismissed pleadings of Defendants David R. Webb and Patricia A. Webb, Plaintiff will request default judgment as to said defendants."

On September 1, 1983, appellants filed answers to the interrogatories, a motion to set aside the order striking their pleadings, an entry of appearance by an attorney, and a notice that the motion would be called up for hearing on September 6, 1983. On the latter date the trial court overruled the motion and proceeded to trial. Appellants were not allowed to participate. Respondent presented evidence and the matter was taken under advisement awaiting briefs of counsel for plaintiff and Title Insurance Company of Minnesota.

On December 5, 1983, judgment was entered against appellants for $12,917 and

costs on Count I and against respondent on Count II.

Appellants have two points relied on. They state for their first point:

"The trial court erred in overruling defendant-appellants motion to set aside order striking their pleadings for the reason that the order striking their pleadings failed to follow the proper procedure for such a sanction under Rule 61 in that there was neither a motion nor order to answer interrogatories within a certain time filed or served upon defendants-appellants as required by Rule 61.-01(b)(2)."

■ This point has no merit. There is no requirement under Rule 61.01(b)(1) that before sanctions there authorized are entered that there first be a motion or order compelling a party to answer interrogatories within a specified time. Rule 61.01(b) is set out below.* An order striking pleadings or entering a judgment by default against a disobedient party can be made under Rule 61.01(b)(1) without such a prior order.

■ A prerequisite for the applicability of Rule 61.01(b)(2) is a showing of "reasonable excuse". At the time the trial court sustained the motion for sanctions and struck the pleadings no attempt was made to show such an excuse. Point one is denied.

Appellants' second point states:

"The action of the trial court in striking defendants-appellants pleadings and entering a default judgment against them was capricious and arbitrary and, therefore, an abuse of discretion in view of the severity of the sanction imposed in that defendants-appellants had a merito-rious defense to the action as shown by the trial court's finding in paragraph 10 of Count II of the judgment entered by the trial court."

■ Applying sanctions under Rule 61.-01(b) is within the trial court's discretion. *Portell v. Portell,* 643 S.W.2d 18, 20 (Mo. App.1982). A default judgment entered as a result of those sanctions will not be set aside on appeal unless reasonable excuse and a meritorious defense are so apparent that failure to set aside the judgment is arbitrary. Id.

■ "The default of a party is a drastic punishment and is most aptly invoked where the party has shown a contumacious and deliberate disregard for the authority of the court." *In re Marriage of Dickey,* 553 S.W.2d 538, 541 (Mo.App.1977). See also *Sagehorn v. Phillips Petroleum Co.,* 648 S.W.2d 647, 649 (Mo.App.1983).

■ There were nine numbered interrogatories, two of which had two sub parts which might require an answer depending upon the answer to the initial numbered question. Three had one sub part, a total of at most 16 inquiries. All appear relevant to respondent's claim. As no objections were made, they should have been answered within 20 days after they were served. Rule 57.01(a). There is no contention that the interrogatories or any related pleadings were not properly served upon or received by appellants.

■ Appellants contend that they had "good cause or excuse for their failure to answer interrogatories" because they "believed they were represented by Counsel at the time the order striking their pleadings was entered." They emphasize that they

---

* *Failure to Answer Interrogatories.* If a party fails to answer interrogatories or file objections thereto within the time provided by law, or if objections are filed thereto which are thereafter overruled and the interrogatories are not timely answered, the court may, upon motion and reasonable notice to other parties, make such orders in regard to the failure as are just and among others the following:

(1) An order striking pleadings or parts thereof, or dismissing the action or proceeding or any part thereof, or render a judgment by default against the disobedient party.

(2) Upon the showing of reasonable excuse, the court may grant the party failing to answer the interrogatories additional time to file answers but such order shall provide that if the party fails to answer the interrogatories within the additional time allowed, the pleadings of such party shall be stricken or the action be dismissed or that a default judgment shall be rendered against the disobedient party.

did file answers to the interrogatories and they "had never received an order from the trial court advising them their pleadings would be stricken unless they answered the interrogatories." They say it is "also relevant that four of the nine interrogatories" submitted were answered by appellants in their answer to respondent's petition.

We do not believe these contentions establish that the trial court abused its discretion. There is nothing in the record to show that appellants believed they were represented after December of 1982 until September 1, 1983. That was alleged in their motion to set aside the order striking their pleading, but was not proven and no reason why they could have so believed was shown.

Due to the tardiness of the answers to the interrogatories, had appellants been allowed to defend, fairness to respondent may have necessitated a continuance. Appellants were on notice, at least since they received the motion for sanctions, that action may be taken for their failure to answer interrogatories. They were notified of the trial court's ruling, and why they took no immediate action to remedy the situation is not explained.

As previously stated in this opinion, a court order advising them that the pleadings might be stricken, unless they answered the interrogatories, is not a prerequisite to having pleadings stricken under Rule 61.01(b). That their answer to the petition responded to facts similar to the information sought in the interrogatories does not dispense with the necessity of answering the interrogatories. Facts that are stated or denied in an answer are often later admitted or changed in response to discovery. The purpose of discovery would be substantially thwarted if allegations in an answer conclusively foreclosed discovery on those issues.

The trial judge has an obligation to see that the discovery rules are followed and to expedite litigation and he appears to have conscientiously performed these tasks. Appellants ignored their obligation under the discovery rules after repeated notice, and did not make an attempt to comply with them until just before the trial commenced. This sufficiently shows such a deliberate disregard for the authority and procedures of the court that the trial court did not abuse its discretion.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.