Emma HAYES, Petitioner-Respondent,

v.

Cecil HAYES, Respondent-Appellant.

No. 13004.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 25, 1984.

Michael Baker, Springfield, for respondent-appellant.

Gary W. Lynch, Douglas, Douglas, Lynch & Ashlock, Bolivar, for petitioner-respondent.

MAUS, Presiding Judge.

According to her petition, the Petitioner-Respondent-Wife and the Respondent-Appellant-Husband were married on November 21, 1977. On February 16, 1982, the husband went fishing, but did not return. He took with him, among other things, a

certificate of deposit resulting from separate funds of the wife and a motor home purchased with her separate funds. Through their attorneys, the parties entered into an agreement providing for the return of "certain property" to the wife. The husband failed to perform the agreement. Through legal action, the wife recovered the proceeds of the certificate of deposit.

The husband filed an answer to the wife's petition for dissolution of marriage. Among other allegations, he denied the marriage. However, he failed to appear for scheduled depositions. Upon notice, as a sanction for such failure, the trial court struck the answer of the husband. Rule 61.01. Upon a subsequent hearing, the court entered a judgment dissolving the marriage, setting apart the separate property of the parties and awarding the marital property to the wife. The husband appealed. He presents two points of alleged error.

The husband's appeal was first submitted to this court. On September 1, 1983, this court adopted an opinion affirming the judgment. Subsequently, by its order, the appeal was transferred to the Supreme Court. Now, it has been retransferred to this court for reconsideration in the light of *Vonsmith v. Vonsmith*, 666 S.W.2d 424 (Mo. banc 1984) and *Dardick v. Dardick*, 670 S.W.2d 865 (Mo. banc 1984).

As noted, the sanction imposed upon the husband was not to render a default judgment against him. The sanction was to strike his answer. It has been observed, "[t]he rendition of judgment which follows the disallowance of a pleading for failure to obey a discovery order does not come by default, in the ordinary sense, but is treated as a judgment upon trial by the court." *In re Marriage of Dickey*, 553 S.W.2d 538, 539 (Mo.App.1977). Also see *Portell v. Portell*, 643 S.W.2d 18 (Mo.App.1982). The same statement has been made in regard to a *default judgment* so imposed. "Consequently, it has been recognized by the courts of this State that an entry of 'default judgment' under Rule 61.01(d), V.A.

M.R., is not strictly speaking a default judgment at all, but rather is a judgment 'upon a trial by the court.' *State ex rel. Jones v. Reagan*, Mo.App., 382 S.W.2d 426, l.c. 430." *Jewell v. Jewell*, 484 S.W.2d 668, 672 (Mo.App.1972).

Perhaps this characterization of such judgments is a recognition of the basis upon which such a remedy has been upheld against a due process attack.

*Hovey v. Elliott* [167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897)] involved a denial of all right to defend as a mere punishment. This case presents a failure by the defendant to produce what we must assume was material evidence in its possession, and a resulting striking out of an answer and a default. The proceeding here taken may therefore find its sanction in the undoubted right of the lawmaking power to create a presumption of fact as to the bad faith and untruth of an answer to be gotten from the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause.... The difference between mere punishment, as illustrated in *Hovey v. Elliott*, and the power exerted in this, is as follows: In the former, due process of law was denied by the refusal to hear. In this, the preservation of due process was secured by the presumption that the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense.

*Hammond Packing Company v. Arkansas*, 212 U.S. 322, 350–351, 29 S.Ct. 370, 380, 53 L.Ed. 530, 545 (1909). Or, stated another way, "[t]he rationale is that the lawmaker has the power, from the failure of a defendant to produce information necessary to the disposition of a cause, to create a presumption that there is no merit in the asserted defense." *In re Marriage of Dickey*, supra, at 541.

Upon that basis, the imposition of such sanctions has been held to have the following consequences. It is clearly established that upon such failure by the husband,

there is "a presumption that his testimony would have been adverse to him and would sustain the wife's position." *Jewell v. Jewell,* supra, at 672. Such contemptuous conduct depriving the court of information has also been said to bar the recalcitrant party from raising an issue thereon. *In re Marriage of Dickey,* supra. Or, expressed in another way, respondent has "no standing to make a contested issue." *Schulz v. Schulz,* 612 S.W.2d 380, 382 (Mo.App.1980).

■ For the reasons stated herein, it is the opinion of this court that the right of the husband to appeal is not controlled by *Vonsmith.* This is consistent with the view of the Eastern District set forth in a footnote to its opinion. "The rule recognized in *Blackmore* [*v. Blackmore,* 639 S.W.2d 268 (Mo.App.1982)] applies in those cases in which defendant fails to file an answer. It does not apply to the so-called default judgment in which pleadings have been filed but ordered stricken or in which pleadings have been filed but a party fails to appear on the date set for trial. See *Metts v. Metts,* 625 S.W.2d 896 (Mo.App. 1981); *Matter of Estate of Scholz,* 615 S.W.2d 459 (Mo.App.1981)." *Vonsmith v. Vonsmith,* 666 S.W.2d 426, 428 (Mo.App. 1983).

■ The husband had submitted himself to the jurisdiction of the court. He remains in the jurisdiction of the court. The extent to which he could have participated in a hearing was within the discretion of the trial court. *Portell v. Portell,* supra. The extent of the husband's right of appeal has not been expressly decided by the courts of this state. The right of a defendant, in the position of the husband, to question the propriety of the sanction by appeal has been consistently recognized. *In Re M_____,* 446 S.W.2d 508 (Mo.App.1979). Without discussion of the point, such appeals have been considered as appeals from judgments of trial courts under Rule 73.01. However, in so considering such appeals, full recognition has been extended to adverse presumptions and consequences arising from the imposition of the sanction. Such presumptions and consequences include those declared in *Schulz v. Schulz,* supra; *In re Marriage of Dickey,* supra; *Jewell v. Jewell,* supra. Without holding that he is entitled to such consideration, this court will extend that treatment to the instant appeal.

By his first point, the husband contends the trial court abused its discretion in awarding the wife all of the marital property. It should be noted that in requesting an award of the marital property, the wife waived any claim to a certificate of deposit in joint names and any claim for maintenance. The marital property consisted of the following: a 3-bedroom mobile home and furnishings; a lot in Alamo, Texas; a motor home; household goods and contents in a rented residence; coins in a safe deposit box; and a checking account.

■ The husband first argued the trial court so abused its discretion because the decree placed no value on the items of marital property. It is now established that § 452.330.1 does not require specific findings of the value of the items of marital property. *Dardick v. Dardick,* supra. There was no direct evidence of such value. However, there was in evidence a general description of the property. There is no indication any of these items had any unique value that would cause the general description not to provide the trial court with at least some basis for its decree. *Flach v. Flach,* 645 S.W.2d 718 (Mo.App. 1982). The husband had knowledge of these items. It is presumed his testimony concerning their value would be adverse to his position. *Jewell v. Jewell,* supra. *Dardick* cites with approval an Illinois case that held the trial court need not make specific findings of fact as to value so long as the evidence is sufficient to enable the court to divide the property. *Dardick v. Dardick,* supra, at 869. After having failed to provide his testimony, the husband will not now be heard to say he was prejudiced by the absence of specific evidence of such value. *In re Marriage of Dickey,* supra.

■ The husband also contends the trial court so erred because it did not consider the fact he purchased the mobile home and lot. This contention is not based on fact. There was evidence that both parties contributed to such purchase. The husband's assertion this evidence was not considered is unfounded. *Cavallaro v. Cavallaro*, 620 S.W.2d 420 (Mo.App.1981). He also complains there was no evidence of the wife's economic circumstances. There was some evidence of these circumstances and considering his recalcitrant conduct, the husband is scarcely in a position to complain there was not enough evidence on the subject. *Schulz v. Schulz*, supra.

■ The husband's second point, as refined by his argument thereunder, is that the trial court did not set apart certain television parts and tools. The decree awards the tools and the contents in the rented residence to the wife. When considered with other parts of the decree, this clearly includes those parts and tools. The judgment is affirmed.

HOGAN and PREWITT, JJ., concur.