719 S.W.2d 866 (1986)
J.B.C., Plaintiff-Respondent,
v.
S.H.C., Defendant-Appellant.
No. 50634.
Missouri Court of Appeals, Eastern District, Division Eight.
September 16, 1986.
Motion for Rehearing and/or Transfer Denied October 21, 1986.
Application to Transfer Denied December 16, 1986.
*867 Daniel P. Card II, Clayton, for defendant-appellant.
Theodore S. Schechter, Clayton, for plaintiff-respondent.
Motion for Rehearing and/or Transfer to Supreme Court Denied October 21, 1986.
KAROHL, Presiding Judge.
Husband appeals decree dissolving a twenty-two year marriage. At trial husband was prohibited from participating because his pleadings had been stricken under Rule 61.01 for failure to answer two interrogatory questions. On appeal husband claims the court abused its discretion in striking his pleadings and in refusing to permit counsel to participate in the default hearing after pleadings were stricken because lesser sanctions would have been fully curative. He also claims error in provisions for division of marital property, award of husband's term life insurance policies to wife, excessive maintenance, child support and attorney's fee awards. Husband incorporates these claims of error with a further assertion that the trial court erred in denying a new trial because information in the court file which was not presented as evidence demonstrated that the evidence presented was insufficient to support some of the provisions of the decree.
The parties were married in November, 1963. Three children were born of the marriage, a daughter in 1967, a son in 1971 and a son in 1975. Petitioner wife filed her petition for dissolution in June of 1983. Husband filed an answer which admitted the marriage, birth of the children, separation and that the marriage could not be preserved but denied engaging in any misconduct which had caused the breakdown. Husband requested the court to dissolve the marriage, determine custody matters, set apart separate property and divide marital property. He did not file a cross-petition.
On November 8, 1983, husband was granted additional time to respond to interrogatories filed by wife. The minutes of proceedings do not reflect that the interrogatories of wife were ever filed with the court nor is a copy of the interrogatories included in the legal file. On December 9, 1983, husband restated the questions and filed answers to forty of forty-two interrogatories. He objected to Interrogatory No. 38 which asked, "Do you allege that *868 your spouse's conduct should be considered by the court in dividing marital property, and if your answer is in the affirmative, state as to each incident of such conduct the following: (a) .. (b) .. (c) .. (d) ..". He objected to Interrogatory No. 40 which asked, "State whether or not you have had sexual intercourse with any person other than Petitioner since the date of your marriage to Petitioner, and if your answer is affirmative, state the name(s) and address(es) of such person(s) together with the dates and places such sexual intercourse took place." Husband objected for the reason that the questions requested information not relevant to any issues raised by the pleadings. On this ground the objection was properly overruled.
On February 14, 1984, wife filed a motion for sanctions under Rule 61.01 which alleged that her interrogatories were filed on September 25, 1983 and that husband's answer to Interrogatory No. 10 was so evasive and incomplete as to be treated as a failure to answer. Interrogatory No. 10 requested information on accounts receivable owed to husband in his business and the answer given was "miscellaneous business accounts receivable." On March 13, 1984, wife's motions for sanctions were sustained and husband was ordered to answer Interrogatory No. 10 by March 28, 1984. An entry in the minutes of proceedings on March 28, 1984 provides, "Upon oral application of resp. & good cause shown, resp. is permitted to withhold the filing of the original of his supplemental answer to interrogatories of petr. until further order of the court." This entry was approved by Judge Litz. A copy of the supplemental answer to Interrogatory No. 10 appears in the legal file and bears the date March 28, 1984.
On March 29, 1984, the court overruled husband's objections to Interrogatories 38 and 40, and granted husband fifteen days to answer. One extension for an additional fifteen days was granted on April 13, 1984. On June 21, 1984, wife filed a motion for sanctions pursuant to Rule 61.01 for failure to answer Interrogatories No. 38 and 40. On August 3, 1984, Judge Voorhees sustained wife's motions for sanctions and ordered husband's pleadings stricken. A subsequent motion to set aside the order striking pleadings or to clarify orders was heard and denied.
During the time that husband was objecting to answering Interrogatories No. 38 and 40, he filed upon wife forty-five interrogatories, the first forty-two of which were identical with her interrogatories addressed to him. Her answer to Interrogatory No. 40 denied any marital misconduct on her part. Her answer to Interrogatory No. 38 with regard to husband's conduct stated as a fact that he had committed adultery, fathered an illegitimate child and named witnesses including the name of the woman with whom husband was involved. Her answers to interrogatories indicate that she possessed knowledge of the matters contained in her interrogatory No. 40 addressed to husband.
The original trial date was May 9, 1985. At this time, Judge Litz refused to reconsider striking husband's pleadings and ruled on the authority of Portell v. Portell, 643 S.W.2d 18 (Mo.App.1982) and Hayes v. Hayes, 677 S.W.2d 933 (Mo.App.1984) that neither husband nor husband's counsel would be permitted to participate in the trial. Husband's counsel was granted time to seek a writ of prohibition. We denied the writ as did the Supreme Court. Trial was rescheduled on July 8, 1985 before Special Judge David C. Mann. He affirmed the prior orders of Judge Voorhees and Judge Litz and heard evidence of wife without permitting husband or husband's counsel to participate at the trial.
Judge Mann subsequently entered a decree of dissolution containing findings of fact and awarding custody of the children to wife with reasonable temporary custody to husband; child support of $2,000 per month for the three children and maintenance in the amount of $1,500 per month. The court awarded as marital property the family home, motor vehicles, common stock in four companies, life insurance on husband's life and household and personal goods to wife. The decree granted a motor *869 vehicle, two boats and motors, four bank accounts, some accounts receivable and a partnership interest to husband as marital property. The court awarded separate property to wife consisting of household goods and personal goods but made no determination or award of separate property to husband. Husband was ordered to pay certain debts and obligations incurred by the parties during the marriage and an attorney's fee in the amount of $7,242 together with costs.
The general provisions governing discovery are described in Rule 56. The purposes of discovery are to eliminate concealment and surprise, to aid litigants in determining facts prior to trial, and to provide litigants with access to proper information with which to develop their respective contentions and to present their respective sides on issues framed by the pleadings. State ex rel. Anheuser v. Nolan, 692 S.W.2d 325, 328 (Mo.App.1985). The rules of discovery are also designed and interpreted to aid the court. Bethell v. Porter, 595 S.W.2d 369, 377 (Mo.App.1980). Discovery is a search for facts, in testimony and documents or other things, within the exclusive knowledge or possession of one party to another in anticipation of litigating a pending action in court. 27 C.J.S. Discovery § 1. The purpose of discovery is to preserve evidence, prevent unjust surprise, and formulate issues for trial. 27 C.J.S. Discovery § 20.
Rule 61 provides sanctions for failure to make discovery. For failure to answer interrogatories the court may strike pleadings or parts thereof, dismiss the action or proceeding or any part thereof, or render a judgment by default against the disobedient party. Rule 61.01(b)(1). Husband does not contest the authority of the court to impose sanctions. Husband contends only that the sanction of striking his entire answer and in effect thereby rendering a default judgment was an abuse of discretion (Point I) and the court abused its discretion in barring and prohibiting husband from any right or opportunity to participate in the trial (Point II).
In reviewing husband's two claims of error together we consider the following facts: (1) husband was the respondent who requested no affirmative relief; (2) husband answered forty of forty-two interrogatories; (3) husband did not allege any marital misconduct on the part of wife in his answer nor did his objection to interrogatory No. 38 assert that he would make that claim; (4) when the court granted the sanction of striking husband's pleadings there was a continuing order of the court that husband not be required to file any answers to interrogatories in court; (5) wife's answers to interrogatories received prior to striking husband's pleadings indicated that she possessed knowledge of husband's misconduct which indicates that husband was not exclusively in possession of the information sought by wife; (6) the trial court was authorized under Rule 61.01(b)(2) to grant husband additional time to file answers to interrogatories but such order "shall provide that if the party fails to answer the interrogatories within the additional time allowed, the pleadings of such parties shall be stricken or the action be dismissed or that a default judgment shall be entered against the disobedient party" and in the present case the court allowed additional time to answer but did not determine the penalty for failure to comply; (7) the subject matter of the interrogatories not answered was such that the court could have determined the issues favorably to wife and adversely to husband and foreclosed any evidence to the contrary which would have afforded wife all the relief necessary or possible without foreclosing the court from information of the husband on the nature and extent of his earnings, the value of marital property, the existence of separate property of either or both parties and matters involving the best interests of the children; (8) the sanction of striking husband's pleadings were imposed for violation of Rule 57.01 and not in violation of any direct order of court; (9) the trial court did not impose a sanction under Rule 67.02 for failure to comply with the rules or an order of court; (10) the court did not determine of record that wife was *870 prejudiced by failure of husband to answer interrogatories. See Crompton v. Curtis-Toledo, Inc., 661 S.W.2d 645, 650 (Mo.App. 1983); (11) wife did not seek an order compelling an answer to interrogatories as provided in § 510.060 RSMo 1978.
The narrow issue is whether or not the order of the trial court striking husband's pleadings for failure to answer interrogatories after the court overruled objections to two of forty-two interrogatories and allowed time to answer was "just" as that term is used in Rule 61.01(b). The sanction of striking all pleadings is authorized if "just." Our scope of review is for abuse of discretion. Sturma v. Sturma, 674 S.W.2d 626, 627 (Mo.App.1984). This standard applies both to a determination to strike pleadings, In re Marriage of Dickey, 553 S.W.2d 538, 539 (Mo.App.1977) and to a determination to deny the right to cross-examine witnesses or present defenses. Portell, 643 S.W.2d at 20. If "just" a trial court may order pleadings stricken without a previous order directed on the pleading party for the violation of which the sanction applies. A judgment after trial and after pleadings are stricken is not a judgment by default, in the ordinary sense, but is treated as a judgment upon trial by the court. In re Marriage of Dickey, 553 S.W.2d at 539.
The trial court relied upon Hayes, supra, and Portell, supra. In Hayes, husband failed to appear for deposition and there was a total failure of discovery. The court recognized that the failure of discovery created a presumption that his testimony would have been adverse. The court held that because the judgment following a 61.01 sanction was not a default judgment the decision in Vonsmith v. Vonsmith, 666 S.W.2d 424 (Mo. banc 1984) did not bar an appeal. The issue of the nature and extent of the sanction as a question of abuse was not considered or decided. In Portell this court found no abuse of discretion in a 61.01(b) sanction because "[b]oth parties were aware of the consequences of failing to comply with the court's order calling for the filing of answers to interrogatories [within a fixed time] which went unanswered..." (our emphasis). In the present case, the court never entered an order upon husband to answer the interrogatories by a fixed time. Husband's failure to answer was not contemptuous of a direct order of court. We held in Portell a court may order petitioner's pleadings stricken and may refuse to permit petitioner to testify, cross-examine or call witnesses. But in Portell the party in default of discovery was the petitioner seeking affirmative relief, the court entered a direct order, not required by Rule 61.01(b), and petitioner was aware of the consequences when he violated the order. Neither Hayes nor Portell were authority for the sanctions of striking pleadings and preventing husband's participation under the present facts. We still, however, must determine whether the sanctions were an abuse of discretion in a dissolution proceeding.
Dissolution cases are unique civil proceedings. The trial court has special statutory duties to fashion a fair dissolution decree and to determine matters of best interests of children and provide for their custody and support. The court has special statutory duties to determine the nature and extent of separate and marital property and is required to set apart separate property to the party in interest and fairly divide marital property. The state is a party to the marriage contract and has an interest in the dissolution of the contract. In dissolution proceedings and all civil proceedings the application of sanctions under Rule 61.01 must be "just." The type of Rule 61.01 sanction should depend on the nature of the information sought in relation to the proceeding, what orders will best assist the litigant seeking the information, and the benefits and disadvantages to litigants and the court resulting from the sanction chosen. A Rule 61.01 sanction should promote the purposes of discovery. A Rule 67.02 sanction is more comprehensive and not involved here. We distinguish a Rule 61.01 sanction to protect discovery from a Rule 67.02 sanction to protect the rules and the court.
*871 With these principles in mind we look to the facts. It is significant that husband was the respondent not the petitioner and did not seek judicial relief by his own pleadings. There is a distinction between a party seeking affirmative relief and a party reluctantly before the court. This distinction does not relieve a defendant or respondent in a domestic case from complying with the rules of court or orders of court but a court may consider the difference in determining whether refusal to answer is in the nature of contemptuous conduct.
Husband in this case answered forty of the forty-two interrogatories. The breach was partial, not total. Wife denied misconduct and there was no allegation in the pleadings that she was guilty of misconduct. The court in determining the relevant issue of maintenance was not limited in its duty nor was wife prejudiced in her request for failure of husband to specify facts relating to any misconduct on the part of wife. No sanction was necessary other than to prevent husband from raising the issue or offering any evidence on wife's misconduct.
On the issue of husband's misconduct wife was informed and the court could have issued an order preventing husband from offering any evidence denying or justifying his own misconduct. The court could have offered full relief to wife by accepting as true wife's evidence of gross marital misconduct and utilizing that evidence as adverse to husband in the extreme and for all purposes. Further, on August 3, 1984, when the court struck husband's pleadings there was an offer to answer the interrogatories by a fixed date. At the time of the offer the husband was grossly in default but no date had been fixed for answering the two interrogatories and there was no immediate trial setting of the case. The trial occurred eleven months later.
We discern no prejudice to wife's position or to the court by an order that the two interrogatories be answered by a fixed date or that the pleadings be stricken and husband not be allowed to participate in trial. The order was not required for the application of sanctions under 61.01(b), Russo v. Webb, 674 S.W.2d 695, 697 (Mo.App.1984) but in measuring a "just" sanction the court must consider the purposes of discovery, the need for the information and the existence of prejudice for failure to disclose. A sanction which served to predetermine the issues of conduct and misconduct wholly in wife's favor for failure to answer the two interrogatories by a fixed date would have clearly notified husband of the result of failure to comply with discovery under the rule. It is also relevant that at the time the court struck husband's pleadings there was an existing and unamended order that husband not be required to file answers to interrogatories in the court file until a specific order for such filing. On the issue of prejudice to wife the trial court in this case was aware that wife had knowledge of husband's misconduct. This was contained in her previously filed answers to interrogatories. She so testified. The knowledge was not exclusively in the possession of husband. It is possible that there was additional unknown misconduct but on the issue of husband's misconduct the wife was not uninformed. To justify the extreme Rule 61.01 sanctions there must be a finding of prejudice. Crompton, 661 S.W.2d at 650. The trial court made no finding of prejudice and we find none.
An analysis of the testimony of wife and the dissolution decree demonstrates further evidence that the sanctions were excessive to the problem. In the interrogatories answered by husband he demonstrated a jointly held interest with an aunt in certain corporate stock and that the stock was a gift from his aunt to husband. Wife did not testify as to when these stocks were acquired or in what manner they became marital property, if they did. These stocks were awarded to wife as marital property. The only evidence on the stock as marital property was in response to a general question, "Now, Mrs. C____, does Exhibit No. 3 [a summary list prepared for wife] reflect your statement of what you contend to be *872 the marital property of you and your husband? A. Yes." Wife's property statement which was introduced in evidence as an exhibit does not reflect the stock to be marital property. Dividends from the stock were shown to be property of husband on tax returns signed by wife, identified by wife to be the parties' income tax returns and introduced as exhibits. The problem created by the extreme sanctions is obvious. The court has a statutory duty to determine the nature and extent of property and determine a division of marital property. Wife's evidence on the corporate stock was conflicting and her evidence that it was marital was not based on facts.
The evidence discloses other problems by reason of the husband's non-participation. There was no testimony by wife or any other evidence in the record to support a finding by the trial court that life insurance policies of the parties on husband's life were not term insurance policies. Term insurance policies are not marital property. Flach v. Flach, 645 S.W.2d 718, 719 (Mo. App.1982). Husband's answers to interrogatories and property statement indicate that some of the insurance policies awarded to the wife as marital property are term insurance policies.
By entering an order striking husband's pleadings and by refusing to permit husband to participate during the trial the trial court was denied information necessary for the court to comply with its statutory duties in a dissolution proceeding. We are not asked to consider and do not rule on a sanction which merely prohibited husband from testifying. However, wife's testimony of husband's income as reported on income tax returns for 1981, 1982 and 1983 constituted part of the basis of entering support and maintenance judgments totalling $42,000 per year and additional orders for health insurance premiums and payment of debts. There was no evidence offered by wife as to husband's expenses including his obligations for income taxes or deductions for expenses in earning the income reported on the tax returns.
We find that the sanctions were not imposed for direct violation of prior court orders; that the sanctions were unnecessarily excessive to render full protection to wife considering the nature of the violation in failing to answer two of forty-two interrogatories on two issues; that in regard to the two issues the court was free to foreclose those issues adversely to husband for all purposes; and, that the sanctions chosen deprived the court of necessary information.
In summary, the purposes of discovery could have been fully satisfied without sacrificing the needs of the court for facts or the rights of wife. If the evidence of husband's ability to pay were fully developed and if that evidence demonstrated that the money provisions of the decree are excessive then the order may result in an inability of the husband to pay any sums ordered by the court. Such a result could be adverse both to wife and children.
Any Rule 61.01 sanction in excess of that which is necessary to accomplish the purposes of discovery may be an abuse of discretion. In the present case, we find abuse because the sanctions imposed were unnecessarily excessive and lesser sanctions were available to fully accomplish the purposes of discovery and protect wife without foreclosing the court from evidence necessary to fashion a decree fair to all the parties and their children. This is particularly true where the information sought and not given was known by wife.
The dissolution is not appealed and is therefore affirmed. § 452.360 RSMo 1978. The remainder of the decree is set aside and the cause remanded for retrial on all other issues.
SIMON, J., and DOUGLAS W. GREENE, Special Judge, concur.