Richard Lee **HOUCHINS**, Respondent,

v.

Joyce Kimsey **HOUCHINS**, Appellant.

No. WD 38232.

Missouri Court of Appeals,
Western District.

March 24, 1987.

William M. Quitmeier, Kansas City, for appellant.

Christopher T. Patterson, No. Kansas City, for respondent.

Before CLARK, C.J., and NUGENT and LOWENSTEIN, JJ.

CLARK, Chief Judge.

In this appeal from a dissolution of marriage decree, the issue is whether the trial court abused its discretion in striking appellant's pleadings and conducting a trial of the case without appellant's participation.

We conclude the order striking the pleadings was improvidently made and therefore reverse the judgment and remand the cause for further proceedings.

The questions in the case center on pretrial proceedings. They are summarized as the background for discussion of the issues.

Respondent husband filed a petition in the Circuit Court of Clay County on April 29, 1985, seeking dissolution of his June 15, 1960 marriage to appellant. Service of the summons was made on appellant at her . home in North Carolina. She filed a timely answer admitting the breakdown of the marriage but alleging that she was in ill health and dependent on respondent's status as a military retiree for her medical care.

Respondent propounded interrogatories to appellant August 26, 1985. By September 20, 1985, answers to the interrogatories had not been made and respondent filed a motion for sanctions. The court sustained the motion and ordered appellant to file answers by October 10. For reasons not apparent in the file, respondent filed a second motion for sanctions on October 9 complaining of the failure by appellant to answer the interrogatories, despite the fact that under the previous order by the court, appellant had one more day in which to comply. The answers to the interrogatories were filed by appellant on October 15, 1985. On the same day, the court took up respondent's October 9 motion for sanctions.

It is significant to note that the motion complained only of appellant's failure to answer the interrogatories, a deficiency which was at least nominally remedied when the answers were filed on the fifteenth. The court, however, proceeded to take up the motion and sustained it even though the answers had then been filed. The court also made the following order:

"Resp. ordered to produce documents within 15 days after receipt of letter of request and medical authorization by Resp. from plt. Failure to furnish information Resp's pleadings ordered stricken."

The only record made of the proceedings which resulted in the above order consisted of statements by respondent's attorney that he did not have a copy of an income and expense form and a statement of marital and non-marital property and that he was not satisfied with the answer to interrogatory thirteen. The balance of the conference was in chambers, off the record.

Next in the recorded sequence, respondent filed a third motion for sanctions February 3, 1986. That motion referred to the court's order of October 15, 1985, as having "directed Respondent's attorney to properly answer said interrogatories." The motion also asserted that proper answers still had not been filed and it requested that appellant's pleadings be stricken. The motion was taken up by the court on February 13, 1986. Appellant's attorney protested that answers to the interrogatories had been filed the previous October and respondent had not specified any particulars as to which interrogatory answers were deficient or what additional information was desired. Without other comment as to a basis for the order apart from respondent's motion, the court sustained the motion for sanctions and ordered appellant's pleadings stricken.

On March 5, 1986, appellant filed her motion to reinstate her answer and for a continuance of the scheduled trial set for the following day. The court overruled the motion on March 6, 1986 and, on the same day, heard respondent's case and entered the decree which is the subject of this appeal. The judgment ordered the marriage dissolved and set aside to each party the assets which were listed as marital property and as non-marital property on a schedule filed by respondent.

■ The first question to be considered is raised by respondent who contends this court lacks jurisdiction to set aside the judgment because appellant filed no motion with the trial court to vacate the judgment. Respondent cites *Vonsmith v. Vonsmith,* 666 S.W.2d 424 (Mo. banc 1984), for the proposition that in the absence of a motion to set aside or vacate, a default judgment is not appealable.

In *Hayes v. Hayes,* 677 S.W.2d 933, 935 (Mo.App.1984), the Southern District of this court held that the rendition of a judgment following the striking of a party's pleading does not come by default in the ordinary sense, but is treated as a judgment upon trial by the court. The Eastern District in *J.B.C. v. S.H.C.,* 719 S.W.2d 866, 870 (Mo. App.1986) reached the same conclusion. Both cases cite and rely on *In Re Marriage of Dickey,* 553 S.W.2d 538, 539 (Mo.App. 1977), which adopted the same reasoning, but not in the context of the requirement that a motion to vacate be filed as a condition to appeal from the judgment.

The *Vonsmith* case presented a traditional situation of default, that is, a defendant served with process who makes no appearance at all and files no responsive pleading. The rationale for the rule denying the defaulting party the remedy of appeal, as stated in the opinion, rests on the proposition that no review of alleged trial court error should be permitted where the lower court has been given no opportunity to take corrective action. This case does not qualify as such a circumstance. The trial court entered the order striking appellant's pleadings after a hearing at which appellant appeared. The merits of the sanction were reviewed when appellant moved for reconsideration of the order. The trial court had the opportunity to review its own action in imposing the sanctions and a post-judgment motion would have added nothing of substance.

The *Dickey* case was, of course, decided prior to *Vonsmith* and therefore is not authoritative if in conflict with *Vonsmith.* We do not view it as such for the reasons set out in *Hayes* and *J.B.C.* Those cases were, in our view, decided correctly and apply to determine the issue here. For the reasons stated, this appeal is properly before the court to be decided on the merits.

■ The principal argument which appellant makes in contending that the court abused its discretion by striking appellant's answer is that appellant was not in violation of any discovery ordered and in fact, the court was either confused or mistaken as to the situation. The following extract

from the Court's remarks on the record made at the hearing March 6, 1986, on appellant's motion for reconsideration lend support to the argument:

" * * * I ordered the Interrogatories to be answered by October 10th. Then on October 15th, they still were not answered and they were given until October 30th. They still were not answered by February 13th and this is March the 6th and they still haven't been answered * * * "

In fact, the interrogatory answers were filed October 15, 1985, although subject to some later objection by respondent that answers to all the interrogatories were not as informative as respondent desired. Those objections were never specified in any motion nor did the court ever make any order for discovery with which appellant did not at least facially comply. The matter is further complicated by the content of the court's October 15, 1985 order which referred to document production and a medical authorization in response to a future letter respondent's attorney was to draft. The order, therefore, did not require a response to interrogatories but document production pursuant to some exchange informally between counsel.

The issue here is, as it was in *J.B.C. v. S.H.C.*, *supra*, whether the order striking appellant's answer was just as that term is used in Rule 61.01(b). It has been said that dissolution cases are unique in that the court has special statutory duties to determine the nature and extent of separate and marital property, to set apart the separate property and to fairly divide the marital property. Not only the parties but the state have an interest in the dissolution of marriage. The purpose of a Rule 61.01 sanction (as contrasted with a sanction under Rule 67.02) is to promote the purposes of discovery.

In this case, the wife, although a resident of North Carolina, engaged local counsel and filed an answer to respondent's petition. Her attorney appeared at each hearing for which notice was given. The answers to the interrogatories were admittedly not filed within twenty days as provided in Rule 57.01(a), but within less than 60 days, a not unreasonable interval considering the fact of appellant's residence in another state. There were twenty-two interrogatories in all, many with a number of sub-paragraphs. The deficiencies in appellant's answers as filed October 15, 1985, noted particularly by respondent in arguing the motion for sanctions February 13, 1986, were only as to two of the interrogatories, number 13 and number 16. Interrogatory 13 asked for details of appellant's health and past medical treatment. Interrogatory 16 requested information about any real estate appellant owned. The file reflects that appellant did attempt to answer both interrogatories, but with insufficient detail, particularly as to Interrogatory 13. Any failure by appellant to make discovery was therefore at most, partial.

The issues critical to appellant in the case and not adequately considered by the court, absent appellant's participation in the trial, were appellant's dependency for medical care on her status as the wife of a retired member of the military service and the division of respondent's military pension, admittedly a marital asset. The pension, which was shown to be $980.00 per month, was set over entirely to respondent. The court made no evaluation of the pension in terms of present value and therefore it is not possible to determine if the division of marital property was inequitably slanted in favor of respondent. In short, the needs of the wife and the extent of assets were not presented to the court in a manner enabling the court to perform the adjudicatory function the statute requires. This dearth of information is attributable to the punitive order which denied appellant any opportunity to participate.

The order striking appellant's answer was not just, first because appellant was not in violation of any discovery order as the court mistakenly believed. Second, if the two interrogatory answers were incomplete, some lesser sanction was available to accomplish the purposes of assisting in the production of all information necessary to a proper adjudication of the cause. The sanction of striking the pleading was actually counterproductive in that it precluded

rather than furthered the objective of producing necessary facts. We therefore conclude that the trial court abused its discretion and the judgment must be reversed.

The order dissolving the marriage is not appealed and it is therefore affirmed. The remainder of the judgment is reversed and the case is returned for retrial on all other issues.

All concur.