Barbara GIESLER, Plaintiff–Appellant,

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, and State of Missouri, Division of Transportation, and Missouri State Highway and Transportation Commission, Defendant–Respondents.**

No. 57341.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 19, 1990.

Michael D. Stokes, Christine A. Gilsinan, Devereaux, Stokes & Nolan, P.C., St. Louis, for Barbara Giesler.

Thomas J. Prebil, The Law Office of William A. Brasher, St. Louis, for Burlington Northern R. Co.

William L. Webster, Atty. Gen., Curtis F. Thompson, Asst. Atty. Gen., Jefferson City, for Div. of Transp.

HAMILTON, Presiding Judge.

Appellant, Barbara Giesler (hereinafter Giesler), appeals the dismissal of her wrongful death action against Respondents, Burlington Northern Railroad Company (hereinafter Burlington); the State of Missouri, Division of Transportation (hereinafter State); and Missouri State Highway and Transportation Commission (hereinafter Commission).

On January 20, 1989, Giesler filed in the City of St. Louis her original petition naming Burlington and two Burlington employees, D.R. Thrasher and B.J. Manley, as defendants. On February 14, 1989, defendants filed a motion to dismiss for improper venue. Before a hearing could be held on that motion, Giesler filed her First Amended Petition on April 28, 1989. The First Amended Petition named Burlington and the State as defendants. Giesler also filed a memorandum dismissing without prejudice the two Burlington employees as defendants. On June 5, 1989, the trial court dismissed Burlington as a defendant for lack of jurisdiction and improper venue. The State's Motion to Dismiss was pending before the Court when, on July 20, 1989, Giesler filed her Second Amended Petition naming three defendants: Burlington, the State, and the Commission. Subsequently, all three defendants filed motions to dismiss. The State listed four grounds for dismissal, Burlington listed seven, and the Commission listed six. On September 6, 1989, the trial court issued its order dismissing all three defendants. Giesler thereafter brought this appeal.

■ Respondent Burlington has filed a motion to dismiss the appeal on the grounds that an order of dismissal for improper venue is not a final appealable order. The initial duty of this Court is to inquire into and determine whether jurisdiction lies with this Court. Even when none of the parties question the jurisdiction, this Court must raise the issue *sua sponte*. *Around the World Importing v. Mercantile Trust Co. Nat'l Ass'n*, 771 S.W.2d 919, 922 (Mo.App.1989).

■ Quite apart from the grounds for dismissal that Burlington has raised, Giesler failed to. invoke our jurisdiction. Her jurisdictional statement fails to comply with Rule 84.04(b). That rule provides in pertinent part:

Bare recitals that jurisdiction is invoked ... or conclusions are insufficient as jurisdictional statements. The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of Article V, Section 3, of the Constitution whereon jurisdiction is sought to be predicated.

Rule 84.04(b). Giesler's jurisdictional statement identifies the parties and the nature of the trial court's order as "granting the motions to dismiss of all three defendants." She then states that "[t]his appeal requires the application of established constitutional principles rather than the construction of the constitution. Therefore, this appeal is within the general appellate jurisdiction of the Missouri Court of Appeals." Giesler's Point Relied On and her Argument, however, deal entirely with venue statutes and, specifically, with a choice between the general venue statute, the special corporate venue statute, and Section 226.100 RSMo. (1986). The argument contained in her brief is unrelated to constitutional principles. The jurisdictional statement is, therefore, inadequate under the requirements of Rule 84.04(b). *See generally, Roden v. Tofle*, 779 S.W.2d 290, 291

(Mo.App.1989); *McKee v. Wilmarth*, 771 S.W.2d 955, 957 (Mo.App.1989).

■ Moreover, even if the jurisdictional statement were sufficient, this Court could not have addressed the merits. Our law is well-settled that a dismissal for improper venue is not a final judgment on the merits. *Miller v. Illinois Central RR Co.*, 782 S.W.2d 138 (Mo.App.1989). No appeal lies absent a final judgment. *Around the World Importing*, 771 S.W.2d at 921. Because finality of judgment is a jurisdictional prerequisite, this Court must dismiss an appeal from an order that is not final. *Id.* at 922. Burlington makes this argument in its motion to dismiss the appeal.

While the record strongly suggests that the trial court based its order of dismissal upon improper venue, the order itself is unclear. All of Giesler's written documents before this Court characterize the order as a dismissal for improper venue.* Giesler's Point Relied On and her Argument are limited to the venue issue. Furthermore, she contends in her reply brief that improper venue was the basis for dismissal. Although the order fails to specify the particular grounds for dismissal, the trial court does cite *State ex rel. Missouri Highway and Transp. Comm'n v. Patterson*, 731 S.W.2d 461 (Mo.App.1987), a case dealing only with a venue issue.

During oral argument Giesler, through her attorney, for the first time, characterized the order as other than a dismissal for improper venue. Her attorney noted that each defendant claimed multiple grounds for dismissal and that the trial court failed to specify the grounds for its order of dismissal. He asserted that because the grounds for dismissal cannot be clearly identified, this Court must review the merits of her appeal. Giesler, however, raises only the venue issue in her point relied on and in her argument. The sole issue Giesler raises before this Court is whether dismissal for improper venue was error, an issue over which this Court has no jurisdiction. The questions for decision on appeal

---

* Appellant's notice of appeal, brief, and reply brief refer to the order as a dismissal for im-   proper venue.

are those stated in the points relied on, and a question not presented therein will be considered abandoned on appeal and no longer an issue in the case. *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405 (Mo. 1964); *Stewart v. Sturms*, 784 S.W.2d 257, 259 (Mo.App.1989).

Appeal dismissed.

CARL R. GAERTNER and STEPHAN, JJ., concur.