

## Missouri Court of Appeals
### Southern District
### Division One

| | |
|---|---|
| MARCK INDUSTRIES, INC.,<br>and RL TRANSPORT, LLC, | ) |
| | ) |
| Respondents, | ) |
| | ) |
| vs. | ) No. SD35892 |
| | ) |
| CATHY LOWE and BILLY ROUSE, | ) FILED: November 18, 2019 |
| | ) |
| Appellants. | ) |

APPEAL FROM THE CIRCUIT COURT OF BARRY COUNTY

Honorable Alan M. Blankenship

**AFFIRMED**

Cathy Lowe ("Lowe") and Billy Rouse ("Rouse") (collectively, "Appellants") appeal the trial court's entry of a judgment against them as a discovery sanction. Because Appellants have failed to demonstrate the trial court committed any reversible error, we affirm the judgment.

**Facts and Procedural Background**

Respondents Marck Industries, Inc. and RL Transport, LLC (collectively, "Respondents") filed a petition against Appellants for conversion, fraud, civil conspiracy, punitive damages, and breach of fiduciary duty. Appellants filed an answer to the petition. The matter was set for a one-day bench trial beginning on October 27, 2017.

1

On July 26, 2017, Respondents served Appellants with their Second Set of Interrogatories and Second Request for Production of Documents (collectively, "Second Discovery Requests"). Appellants filed a motion for additional time to answer the Second Discovery Requests. On August 31, 2017, the trial court granted Appellants' request for more time and gave them an additional twenty days to respond to the Second Discovery Requests, making their responses due on or before September 20, 2017.

Appellants failed to respond to the Second Discovery Requests, and on September 27, 2017, Respondents filed a motion to enforce discovery and sanctions. A hearing on that motion was held on October 2, 2017.[1] Following that hearing, the trial court entered an order providing that "[i]f [Appellants] have not provided complete discovery answers before 5:00 PM on October 9, 2017, this Court shall strike the pleadings of [Appellants] and enter a default judgment in favor of [Respondents] and against [Appellants]."

On October 10, 2017, Appellants filed certificates of service of responses to the Second Discovery Requests. The next day, Respondents filed a motion for sanctions, alleging Appellants did not provide any bank records of the individuals for the relevant time and no records at all for C&B Trucking, LLC. Appellants filed a response on October 12, 2017. A motion hearing was held on October 26, 2017, the day before the scheduled trial, and Appellants were "ordered to produce all requested discovery without fail." The trial was reset for March 8, 2018.

On January 12, 2018, Respondents filed a second motion for sanctions alleging that

---

[1] Even though the trial remained scheduled for October 27, 2017, Appellants and their counsel did not appear for the hearing. *See* Appellants' Brief. In their brief, Appellants proffer an explanation for why they did not appear at this hearing, but omit any citation to the record to support that explanation. We are confined in our review to the record on appeal and cannot consider allegations of facts in a brief that are not supported by the record. ***Miller v. Dowling***, 360 S.W.2d 345, 348 (Mo.App. 1962).

discovery was incomplete. Appellants did not file a response to this motion. The court scheduled a hearing on the motion for February 5, 2018.

On January 31, 2018, Appellants provided bank records for C&B Trucking. Appellant Rouse, however, provided only two of his individual bank statements: an August 2013 statement from Security Bank and a February 2013 statement from People's Bank.

On February 5, 2018, a hearing was held and the court granted Respondents' second motion for sanctions and struck Appellants' pleadings as a discovery sanction. Thereafter, Respondent filed a motion for default judgment.

Appellants filed a motion to reconsider the striking of Appellants' pleadings ("Motion to Reconsider"). In their motion, Appellants alleged that they "believe that all documents responsive to all of the requests of [Respondents] have been produced" and that "while Appellant, Cathy Lowe has been convicted of embezzling funds from [Respondents], the co-defendant, Billy Rouse, was never indicted or charged for that crime." Respondents filed suggestions in opposition to the Motion to Reconsider, arguing that Appellant Rouse failed to produce "complete records for three (3) bank accounts he purportedly maintained during the relevant time period."

On June 4, 2018, the trial court held a hearing on Appellants' Motion to Reconsider and Respondents' Motion for Default Judgment. At the hearing, Appellants' counsel stated that they had produced "everything that's out there …."[2] The trial court denied Appellants' Motion to Reconsider and entered an Order of Default on June 5, 2018. An evidentiary hearing was then scheduled for the purpose of determining Respondents' damages.

---

[2] The trial court, in response to Appellants' contention that all documents had been produced, stated: "Okay. Well, kind of curious. Most people who open a bank account don't have it open for one month and then close it which, basically, implies there are statements that, for whatever reason, haven't been given to you."

On November 21, 2018, after a hearing on damages, the court entered judgment against Appellants jointly and severally in the amount of $130,957.02. On December 19, 2018, Appellants filed a "Motion to Vacate, Reopen, Correct, Amend, or Modify Judgment Pursuant to Missouri Rule of Civil Procedure 75.05(d),[3] or Alternatively for a New Trial Pursuant to Missouri Rule[s] of Civil Procedure 78.01 and 78.04" (the "Motion to Set Aside"). In that motion, Appellants "request[ed] that the default [j]udgment be set aside since [Appellants] have a meritorious defense and good cause exists."

Appellants filed a timely Notice of Appeal. The trial court never ruled on Appellants' Motion to Set Aside.

---

[3] There is no Rule 75.05(d). We believe Appellants intended to cite Rule 74.05(d), the rule that sets forth the procedure for setting aside a default judgment. Rule 74.05(d) states that:

> Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside.
>
> The motion shall be made within a reasonable time not to exceed one year after the entry of default judgment.
>
> "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.
> ****
> A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04, 78.06, or 81.05.

A pleading is judged by its subject matter and not its caption. *Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000). While Appellants' Motion to Set Aside does not specifically cite Rule 74.05(d), the substance of the motion is consistent with Rule 74.05(d). Appellants "request[ed] that the default [j]udgment be set aside since [Appellants] have a meritorious defense to the [Respondents'] action…." The relief Appellants requested and their reference to a meritorious defense demonstrate an intent to proceed under Rule 74.05(d). However, given that the judgment was not a true default judgment, Rule 74.06—the rule that governs the procedure for setting aside judgments on the merits—is the applicable rule if Appellants were intending to set aside the judgment. Appellants' Motion to Set Aside does not reference the grounds for setting aside a judgment under Rule 74.06, and, therefore, we do not consider it a Rule 74.06 motion. It does, however, constitute a motion for a new trial and is, therefore, an authorized after-trial motion subject to Rule 81.05. In order for a motion to constitute an authorized after-trial motion for a new trial, the motion must be "'directed toward errors of fact or law in the trial.'" *State ex rel. Eddy*, 145 S.W.3d 429, 433 (Mo.App 2004) (*quoting Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 (Mo. banc 1993)). The grounds for alleged error in Appellants' Motion to Set Aside focuses on their contention that they produced all the documents responsive to Appellants' requests. This is an allegation of factual error—that the trial court erred in determining not all documents were provided. For that reason, we liberally construe their Motion to Set Aside as an authorized after-trial motion for a new trial.

4

**Discussion**

Before we can turn to the merits of Appellants' appeal, we must resolve whether we have jurisdiction to hear Appellants' appeal. There can be no appeal absent a final judgment. *Giesler v. Burling Northern R. Co.*, 791 S.W.2d 491, 492 (Mo.App. 1990). "Because finality of judgment is a jurisdictional prerequisite, this Court must dismiss an appeal from an order that is not final." *Id.*

Respondents argue that we are without jurisdiction to review this matter because a party may not directly appeal the entry of a default judgment and the trial court has not ruled on Appellants' Motion to Set Aside. "Generally, a default judgment is not appealable." *Heineck v. Katz*, 509 S.W.3d 116, 122 (Mo.App. 2016). A default judgment can only be appealed if the trial court heard a motion to set aside or vacate the judgment under Rule 74.05(d). *Id.* Such a motion filed "under … Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04, 78.06, or 81.05." Rule 74.05(d). We reject Respondents' argument, however, because the judgment entered in this case is not a default judgment as contemplated under Rule 74.05.

### Judgment on the Merits—Not a Default Judgment

Respondents' argument fails to take into consideration the distinction between a default judgment entered as a consequence of failing to appear or respond to pleadings and a "default judgment" entered as a discovery sanction. "A default judgment entered by way of a court-imposed sanction for discovery violations is not a true default judgment." *Norber v. Marcotte*, 134 S.W.3d 651, 662 (Mo.App. 2004). Such a judgment is a judgment on the merits. *See Keithley v. Shelton*, 421 S.W.3d 502, 506 (Mo.App. 2013). "[I]t is well-established that Rule 74.05(d)'s prerequisites for a motion to set aside are inapplicable when the record shows that the defendant pleaded an answer to the petition or otherwise defended against the petition." *Beeman*

5

***v. Beeman***, 296 S.W.3d 514, 517 (Mo.App. 2009).  Rule 74.06 governs the setting aside of a judgment rendered on the merits.[4]  Rule 74.06[5]; ***Am. Econ. Ins. Co. v. Powell***, 134 S.W.3d 743, 746 (Mo.App. 2004).  Accordingly, the case law cited by Respondents standing for the proposition that a party may not directly appeal the entry of a default judgment absent a ruling on a Rule 74.05 motion is not applicable here.

The Western District of our court addressed a similar jurisdictional challenge in ***Houchins v. Houchins***, 727 S.W.2d 181, 183 (Mo.App. 1987).  There, the court held that an appellate court has jurisdiction to review the appeal of a "default judgment" that was entered as a discovery sanction even in the absence of filing a motion to vacate the judgment.  *See id.*  The court explained that the rationale requiring a party to file a motion to set aside a true default judgment is inapplicable where the judgment is entered as a discovery sanction.  *Id.*  This is because the rule in the former instance "rests on the proposition that no review of alleged trial court error should be permitted where the lower court has been given no opportunity to take corrective action."  *Id.*  However, in the case of a judgment entered as a result of a discovery sanction, the

> trial court entered the order striking appellant's pleadings *after a hearing* at which appellant appeared.  The merits of the sanction were reviewed when appellant moved for reconsideration of the order.  The trial court had the opportunity to review its own action in imposing the sanctions and a post-judgment motion would have added nothing of substance.

*Id.* (emphasis added).

---

[4]Rules 74.05 and 74.06 have their own procedures for setting aside judgments.  ***Cotleur v. Danziger,*** 870 S.W.2d 234, 236 (Mo. banc 1994).

[5] Rule 74.06(b) provides that a court, "[o]n motion and upon such terms as are just,…may relieve a party … from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force."

Like in ***Houchins***, the judgment entered in this case was the result of a discovery sanction. The trial court entered the order striking Appellants' pleadings after a hearing for reconsideration during which it had an opportunity to consider the merits of Appellants' argument. Accordingly, we have jurisdiction to entertain this appeal.

### *Failure to Comply with Briefing Requirements Impedes Appellate Review*

While we may have the jurisdiction to reach the merits of Appellants' appeal, we must now decide whether we should. Respondents assert that we should not because Appellants' point relied on does not comply with Rule 84.04 in that it fails to state the legal principles that the trial court should have applied and is multifarious.

> Our preference … to resolve matters on the merits … is not a license for non-compliance with Rule 84.04. We wield our discretion to overlook briefing violations with caution because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not.

***Nichols v. Belleviw R-III School District***, 528 S.W.3d 918, 927 n.15 (Mo.App. 2017) (internal quotations and citations omitted).

Appellate review is guided by four policy interests: "(1) we presume the challenged judgment is correct; (2) we presume the trial court knows and applies the law; (3) we will affirm the outcome on any basis supported by the record; and (4) it is appellant's burden to dislodge us from the presumption that the outcome below was correct." ***Bramer v. Abston***, 553 S.W.3d 872, 879 (Mo.App. 2018). "To satisfy this burden, and overcome the judicial preference for 'finality of judgments,' an appellant must comply with the rules of appellate procedure." ***Id.*** Compliance with the rules of appellate procedure is mandatory and necessary "to ensure that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." ***Myrick v. Eastern Broadcasting, Inc.***, 970 S.W.2d 885, 886 (Mo.App. 1998).

7

Appellants have failed to meet their burden of demonstrating error because their point relied on does not comply with Rule 84.04(d) and their argument does not comply with Rule 84.04(e).  Appellants' brief is deficient in four major respects that impede our review:  (1) their point relied on fails to state any legal reason for the alleged errors and is multifarious; (2) their argument fails to state how any issue was preserved for appeal; (3) their argument fails to identify any applicable standard of review; and (4) their argument fails to explain how the facts and law interact.

### *Point Relied On Does not Comply with Rule 84.04(d)*

Appellants' sole point relied on states:

> The trial court erred in striking Appellants' pleadings as a discovery sanction and granting a default judgment for Respondent[s], and in denying Appellants' Motion for New Trial since Appellants provided all documents in their possession, custody or control responsive to Respondent[s'] requests and the Court's October 26, 2017[,] order regarding discovery is vague and does not support the sanction entered by the Court.

Rule 84.04(d) requires each point to:

> (A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.  The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'

Rule 84.04(d).

Appellants' point violates Rule 84.04(d)(A) by initially challenging at least three distinct trial court actions—striking Appellants' pleadings, entering judgment, and denying Appellants' motion for new trial—rather than challenging a single trial court action, as required by the rule. "A point relied on claiming the circuit court erred at three separate times and in three separate

ways is multifarious and preserves nothing for review." *Spence v. BNSF Ry. Co.*, 547 S.W.3d 769, 780 n.15 (Mo. banc 2018).

Appellants' point violates Rule 84.04(d)(B) by failing to "[s]tate concisely the legal reasons for the appellant's claim of reversible error." Rather, Appellants' point appears to move directly from the Rule 84.04(d)(A) requirement to identify the challenged trial court ruling or action to the Rule 84.04(d)(C) requirement to provide the factual context of the case, albeit untethered from any legal reason for such claimed error, by stating "[because] Appellants provided all documents in their possession, custody or control responsive to Respondent[s'] requests *and* the Court's October 26, 2017[,] order regarding discovery is vague and does not support the sanction entered by the Court." The statement that "Appellants provided all documents in their possession, custody or control" is a factual allegation, not a legal reason for Appellants' claimed trial court errors. Appellants provide no clue how this fact allegation is related in any manner to a legal reason giving rise to any of their claimed errors. Are they making an evidentiary challenge (i.e. not-supported-by-substantial-evidence or against-the-weight-of-the-evidence) to the trial court's determination that not all discovery had been provided to Respondents or are they making a legal challenge (i.e. erroneous declaration or application of the law) premised upon the existence of this alleged fact? Nothing in Appellants' point answers this question.

The latter statement that the "Court's October 26, 2017[,] order regarding discovery is vague and does not support the sanction entered by the Court" is even more problematic. It is not a legal reason supporting any of the three challenged trial court actions identified at the beginning of Appellants' point. Rather, it merely identifies a fourth trial court action that Appellants challenge—the court's October 26, 2017, order regarding discovery. This trial court

ruling and Appellants' claim of error as to it should have been raised in a separate point. "When … appellants collapse disparate contentions of error into a single point relied on, they violate Rule 84.04(d)." *Cooper v. Bluff City Mobile Home Sales, Inc.*, 78 S.W.3d 157, 167 (Mo.App. 2002). Points that include multiple issues are multifarious and preserve nothing for appellate review. *City of Joplin v. Wallace Bajjali Development Partners, L.P.*, 522 S.W.3d 327, 330 (Mo.App. 2017). A point relied on should contain only one issue, and parties should not group multiple contentions about different issues together into a single point relied on. *Id.*

Appellants' point violates Rule 84.04(d) and does not inform us of the precise legal nature of any of Appellants' claimed errors made therein. Sometimes an appellant's argument under a deficient point allows us to proceed to the merits of a claim raised in that point. Appellants' argument does not allow that here.

### *Argument Does not Comply with Rule 84.04(e)*

Appellants' argument fails to comply with Rule 84.04(e) in two respects. First, Rule 84.04(e) requires appellants to include in their argument for each claim of error "a concise statement describing whether the error was preserved for appellate review." Appellants' brief makes no mention of how any of the claims of error identified in their point were preserved for appellate review. The failure to comply with Rule 84.04(e) in this respect can contribute to impeding meaningful appellate review of the trial court's judgment and thereby failing to preserve any issue for appellate review. *Regions Bank v. Davis*, 521 S.W.3d 283, 287 (Mo.App. 2017).

Moreover, "[a]n appellate court will not, on review, convict a trial court of error on an issue which was not put before it to decide." *First Bank Centre v. Thompson*, 906 S.W.2d 849, 859 (Mo.App. 1995). "Even in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some

10

effort to bring the alleged error to the trial court's attention." ***Heck v. Heck***, 318 S.W.3d 760, 767 (Mo.App. 2010) (internal quotation marks omitted). Rule 78.07(b) provides:

> **(b)** Except as otherwise provided in Rule 78.07(c), in cases tried without a jury or with an advisory jury, neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review *if the matter was previously presented to the trial court*.

(Emphasis added.)

Appellants, by failing to include a statement of how the issues were preserved for appeal, have failed to provide us with the information necessary to determine if the claims they now present on appeal were presented to the trial court. It is not this court's duty to supplement the deficient brief with its own research. ***In re V.C.N.C. & T.D.C.C.***, 458 S.W.3d 443, 447 (Mo.App. 2015). "Neither is it our job to 'comb the record' in search of facts to support [Appellants'] claim of error or demonstrate it is properly preserved for appellate review." ***Carruthers v. Serenity Mem'l Funeral and Cremation Serv., LLC***, 576 SW.3d 301, 305 (Mo.App. 2019).

By failing to ascertain the preservation status of their claims and present argument in conformance with the applicable briefing requirements, Appellants have undermined their arguments, ***Bramer***, 553 S.W.3d at 879, and have tasked this court with assuming the role of advocate. We decline to perform that function.

Second, and even more problematic when considered in conjunction with Appellants' omission of any legal reason supporting any claimed error in their point, Appellants have failed to include a statement of the applicable standard of review. Rule 84.04(e) requires a brief to contain a statement of the applicable standard of review. Rule 84.04(e); ***Null v. New Haven Care Center, Inc.***, 425 S.W.3d 172, 178 (Mo.App. 2014). "The standard of review is an essential portion of all appellate arguments; it outlines this court's role in disposing of the matter

before us." ***Waller v. Shippey***, 251 S.W.3d 403, 406 (Mo.App. 2008). "This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency." ***Davis v. Coleman***, 93 S.W.3d 742, 743 (Mo.App. 2002). "Reaching the merits would require considerable advocacy on our part and would thereby increase the likelihood of reaching the wrong decision and generating questionable precedent." ***Id.*** at 407.

Here, Appellants' failure to include and integrate the applicable standard of review in their argument deprives it of any analytical or persuasive value. This is so because "[a]n argument must explain why, in the context of the case, the law supports the claim of reversible error. It should advise the appellate court how principles of law and the facts of the case interact." ***Brown v. Brown-Thill***, 543 S.W.3d 620, 629 (Mo.App. 2018) (internal quotation marks omitted). The applicable standard of review is the guidepost principle of law in considering and resolving every point relied on raised in an appeal. An argument, such as Appellants' here, untethered to that guidepost is nothing more than a collection of abstract legal conclusions unmoored from any coherent legal basis or theory upon which an appellate court can find reversible error. If a party fails to provide more than mere conclusions to support an argument, the point is considered abandoned. ***Id.***

Appellants' point is denied.

**<u>Decision</u>**

Appellants' deficient brief impedes our appellate review and thereby fails to satisfy their burden of demonstrating why, in context of the facts of this case, the law entitles them to the relief they seek. Reaching the merits of Appellants' claims would require us to speculate about the nature of those claims and assume the role of advocate for Appellants, which we cannot do.

12

Because Appellants have failed to demonstrate that the trial court committed any reversible error, the trial court's judgment is affirmed.


GARY W. LYNCH, P.J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. – CONCURS

WILLIAM W. FRANCIS, JR., J. – CONCURS