**Bobbie CRIMMINS, Respondent,**

v.

**Thomas CRIMMINS, Appellant.**

**No. ED 81925.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 2003.

Steven R. White, Union, MO, for appellant.

Jonathan L. Downard, Union, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

Thomas Crimmins ("husband") appeals the trial court's judgment and decree of dissolution of his marriage to Bobbie Crimmins ("wife"). Husband claims that the trial court erred in striking his pleadings as a sanction for violating a discovery order and that the court violated husband's right to due process in refusing to allow him to offer evidence or cross-examine witnesses as a result of his violation of the court's order.

Wife filed a petition for dissolution of marriage. Husband answered the petition and filed a cross-petition for dissolution, as well as motions for temporary custody, child support, and costs pendente lite. The trial court heard wife's motions for temporary injunction, and to appoint re-

ceiver as well as the pendente lite motions of both parties on September 13, 2001. The court ordered that husband pay maintenance, child support and attorney's fees to wife. Additionally, the court stated that husband was not to "transfer, encumber, conceal, or in any way dispose of any assets of Total Siding, Inc. except in the usual course of business." Total Siding, Inc. was the business owned by the parties. Pursuant to the court's order of September 13, 2001, husband was to supply wife with business records of Total Siding, Inc. on a monthly basis. Wife later filed a second motion for temporary injunction, motion to appoint receiver and motion for contempt. In this motion, wife alleged that she had requested the business records of Total Siding, Inc., but had not been provided with these documents. The court entered an order of contempt, finding husband in contempt for failing to provide "discovery/documents" pursuant to the order of the court. The court allowed husband the opportunity to provide wife the documents; however, husband continued to fail to do so. On March 19, 2002, the court entered a memorandum order which stated that husband had not provided wife with the required business records, and a writ of body attachment was issued. On March 27, 2002, the court issued a further order requiring production of specific documents after husband failed to comply, and wife filed a motion for sanctions and to strike husband's pleadings. On May 3, 2002, the trial court ordered husband's pleadings stricken as a sanction for failure to provide records pursuant to the court orders of September 13, 2001 and March 27, 2002. The petition for dissolution was called for trial on July 12, 2002, and the court did not allow husband to offer evidence or cross-examine witnesses. The court found husband in default and subsequently entered its judgment and decree of dissolution of marriage on August 22, 2002.

■ Husband's first point on appeal asserts that the trial court erred in striking his pleadings because the order being enforced by such sanction was not a valid judgment. Husband correctly notes that pendente lite orders ("PDL orders") are appealable. *Buder v. Buder*, 824 S.W.2d 483, 485 (Mo.App.1992). From this he argues that a discovery order must be denominated a judgment in order to constitute a valid order. This argument is without merit.

Husband is not appealing the substance of the court's September 13, 2001, PDL order itself. Rather, he is appealing the judgment of dissolution and challenges the sanctions imposed upon him for his failure to comply with the discovery order requiring production of documents. He complains that the discovery order was not valid, and therefore, no sanctions can be imposed for failing to comply with the order. We disagree.

In the present case, the court entered an order requiring husband to provide wife with documentation of business records of Total Siding, Inc. Husband repeatedly failed to do so. It was not necessary that the court's discovery order be denominated a judgment in order for husband to be subject to the court's enforcement of the order. Pursuant to Rule 74.02 of the Missouri Rules of Civil Procedure, any written direction made by the court not included in a judgment is considered an order. Here, the trial court ordered husband to produce documentation to wife of their business records, and husband failed to do so. A court may, pursuant to Rule 61.01, make an order striking pleadings or rendering a default judgment against a party as a result of a party's failure to comply with discovery. Husband failed to provide the necessary records to wife at any time. Even after being held in contempt and jailed, husband continued to fail

to comply with the court's order to provide business records to wife. Moreover, the court noted in its May 3, 2002 order granting wife's motion for sanctions and striking husband's pleadings, that husband intentionally destroyed several of the records which had been requested. As a result, it was not necessary that the order requiring husband to provide wife with documentation of their business be denominated a judgment in order for the court to have the authority to enforce such an order. Point denied.

■ In his second and final point on appeal, husband claims that the trial court violated his right to due process by striking his answer and not allowing him to present evidence or cross-examine witnesses as a sanction for violation of the court's order.

We review the decision of a trial court to strike pleadings and to deny a party the right to present witnesses for abuse of discretion. *Bell v. Bell,* 987 S.W.2d 395, 399 (Mo.App.1999). We will not disturb the trial court's determination in this regard absent an unjust exercise of this discretion. *Id.*

Husband relies upon *Richman v. Richman,* 350 S.W.2d 733, 734 (Mo.1961) for the proposition that his right to due process was violated by the imposition of sanctions which prevented him from presenting a defense to the dissolution. In *Richman,* the Missouri Supreme Court determined that a court may not strike a defendant's answer in a divorce action or otherwise prevent him from presenting a defense on the merits where defendant is in contempt for disobeying an order to pay alimony because such action deprives him of his day in court. *Id.* However, we note that the present case is distinguishable from *Richman.* Here, husband was not found in contempt for failing to pay alimony or for failing to make any payments. He was found in contempt for failing to

provide the required documentation of business records from his business which was owned with wife.

In *Jackson v. Jackson,* 655 S.W.2d 786 (Mo.App.1983), the court of appeals affirmed the trial court's decision to strike a husband's pleadings and to bar him from presenting evidence for failure to appear for a deposition and for failure to answer interrogatories. The court, citing *Portell v. Portell,* 643 S.W.2d 18 (Mo.App.1982), and *Jewell v. Jewell,* 484 S.W.2d 668 (Mo. App.1972), stated that the conduct of the husband in his willful and deliberate disregard for the trial court's authority served as a basis for the court to properly impose such sanctions. *Id* at 787; *See also Whitworth v. Whitworth,* 878 S.W.2d 479 (Mo. App.1994) (appellate court affirmed trial court's sanctions against husband in striking his answer and not allowing him to testify or present evidence and noted that the sanctions were solely the result of husband's behaviors and failure to cooperate with a direct order of the court.).

Here, husband failed to comply with the court's order that he provide wife with the necessary business records. Husband was ordered to produce such records to wife on a monthly basis. After she requested such documentation, and received none, she requested that the court find husband in contempt. An order of contempt was entered, allowing husband several days to provide wife with the records. He continued to fail to comply. Husband was imprisoned, and thereafter still continued to fail to provide the documents to wife. In fact, the court determined that husband intentionally destroyed records which were requested by wife. Wife subsequently filed a motion for sanctions and to strike husband's pleadings, which was appropriately granted by the court. Husband was allowed the opportunity to comply with the order, and continued to fail to do so. We

find no abuse of discretion in the trial court's decision to sanction husband for his willful disregard of the court's order, nor do we find any deprivation of his due process rights as a result of the sanctions. Point denied.

The judgment of the trial court is affirmed.

WILLIAM H. CRANDALL JR., J., LAWRENCE E. MOONEY, J., Concur.