John D. COSBY, Jr., Petitioner/Appellant,

v.

Barbara N. COSBY, Respondent/Respondent.

No. ED 87059.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 26, 2006.

Gary E. Brotherton, Legal Writes, LLC, Columbia, MO, for Appellant.

Law Office of Kimberly D. Tyler, Bonne Terre, MO, for Respondent.

## OPINION

MARY K. HOFF, Judge.

John D. Cosby, Jr. (Husband) appeals from the trial court's judgment entered in his dissolution of marriage action with Barbara N. Cosby (Wife). Husband argues trial court error in striking his pleadings under Rule 61.01. We affirm, in part, and reverse and remand, in part, for further proceedings.

### Factual and Procedural Background

The parties were married in March 2003 and separated seven months later. Husband filed a Petition for Dissolution of Marriage (Petition) in October 2003, to which Wife filed an answer and a Cross–Petition for Dissolution of Marriage (Cross–Petition) in November 2003. One child (Child) was born to the parties in December 1985.

On November 19, 2003, Wife mailed her interrogatories to Husband's attorney. On April 26, 2004, Husband filed his answers to interrogatories. On April 30, 2004, Wife filed a Motion to Compel Answers to Interrogatories (Motion to Compel) under Rule 61.01. In her Motion to Compel, Wife stated that Husband filed incomplete answers to: Interrogatory # 2(f), by failing to provide copies of recent wage statements; Interrogatory # 6, by failing to provide copies of Federal and State income tax returns; and Interrogatories # 14 for financial records, # 15(d) for medical records, and # 18(e) for phone bills for the last year, by failing to execute the attached releases for information. Wife also stated in her Motion to Compel that the "information requested in said interrogatories is germane to the issues in this cause, and the failure to promptly answer said interrogatories prohibits this matter from being at issue and a timely trial setting being requested."

On June 3, 2004, the trial court held a hearing on Wife's Motion to Compel, at which Husband did not appear. The court sustained Wife's Motion to Compel and ordered Husband to respond within fifteen days or proceed at his own peril. On June 17, the court set aside its June 3 order.

On July 1, 2004, the trial court held another hearing on Wife's Motion to Compel and granted Husband five days to object to interrogatories or, in the alternative, an additional fifteen days to file answers to interrogatories.

On July 8, 2004, Husband filed an answer and objections to Wife's Motion to Compel. In his answer, Husband stated the following: (1) as to Interrogatory # 2(f), Husband would furnish the wage statements as received because he did not keep them; (2) as to Interrogatory # 6, Husband was incapable of providing copies of the income tax returns because Wife

took them when she left the marital residence at the time of separation, and, therefore, Wife already had copies of the tax returns; (3) as to Interrogatory # 14, the information was unknown at the time to Husband, and he would supplement as necessary; and (4) as to Interrogatories # 15(d) and # 18(e), Husband objected as the releases were not reasonably calculated to lead to the discovery of admissible evidence.

On July 22, 2004, Wife filed a Motion to Strike Pleadings under Rule 61.01, arguing that Husband again provided incomplete answers to Interrogatories # 2(f), # 6, # 15(d), and # 18(e).

On August 19, 2004, the trial court held a hearing on Wife's Motion to Strike Pleadings. The trial court concluded that Husband failed to answer or to object to Interrogatories # 2(f) and # 6 and ordered Husband to execute within ten days of receipt the necessary releases, supplied by Wife, to obtain Husband's recent wage statements and his 2003 Federal and State income tax returns. The trial court also overruled Husband's objection to Interrogatory # 18(e) and granted Husband ten days to answer said interrogatory. The trial court sustained Husband's objection to Interrogatory # 15(d).

On August 20, 2004, Wife sent to Husband an Authorization for Release of Confidential Information and requests for copies of Federal and Missouri income tax returns. On September 1, 2004, Wife sent to Husband a letter indicating that she had not yet received copies of Husband's home phone, work phone, and cellular phone bills as ordered by the trial court. Wife inquired when she might expect these records or if it would be necessary for her to file another motion to compel and motion to strike pleadings.

On September 16, 2004, Wife filed a second Motion to Strike Pleadings, later amended, under Rule 61.01. In her second Motion to Strike Pleadings, Wife stated that on September 1, Husband provided a release in order to obtain his twelve most recent pay stubs, but Husband's employer refused to provide the requested information, although Wife had filed a deposition subpoena duces tecum for Husband's employer. Wife also stated that, on September 10, Husband provided to Wife copies of his phone bills, but the bills only showed monthly totals and not itemized calls.

On October 7, 2004, the trial court held a hearing on Wife's Amended Motion to Strike Pleadings. At the hearing, Husband testified that his work cell phone number could be utilized by all of his employer's employees so it was not possible to itemize individual calls. Husband also testified that, although he did not talk with his employer about providing his paycheck stubs for the court to review, he signed the release allowing Wife to obtain copies from his employer, as ordered by the court.

On November 19, 2004, the trial court entered an order striking Husband's pleadings and ordering Wife to proceed on her Cross–Petition as if Husband were in default. In its order, the court found that Husband failed to comply with its July 1 and August 19 orders. The court stated that, although by the time of the hearing on Wife's Amended Motion to Strike Pleadings, Husband had complied with the court's order by signing a release for his employment records, his action did not excuse him from the court's earlier order to produce the required documentation. The court also stated that although Husband could have requested the necessary documents from his employer, Husband never contacted his employer to obtain them. The court noted that, at the hearing on Wife's Amended Motion to Strike Pleadings, Husband testified that he did

not receive Wife's interrogatories from his attorney until April 2004.

On December 20, 2004, the trial court held a hearing on Wife's Cross–Petition. Neither Husband nor his counsel appeared.[1] At the hearing, Wife testified that she and Husband had an "on and off" relationship since the birth of Child. The parties began living together at the marital residence about five years before trial, and when Wife began residing at the residence, the parties intended to marry. During the time that the parties lived together and were married, they did extensive remodeling on the marital residence as well as landscaping of the property, and the parties did not hire anyone to do the work. Wife also put her paycheck from her employment as a deputy sheriff into Husband's bank account, and the cost of remodeling the marital residence came out of that account. The parties had several animals on the property, including dogs, ducks, chickens, horses, and a bull. Because Husband's employment required him to travel frequently, Wife and Child cared for the property and the animals. Wife testified that Husband had stocks and bonds totaling about $100,000 and that she was willing to have the trial court award those to Husband. Wife also testified that just prior to the parties' separation, Husband physically abused Child and threatened to kill Wife. Wife further stated that she was not asking for maintenance or child support.

On January 7, 2005, the trial court entered a Judgment and Decree of Dissolution of Marriage (Judgment). In its Judgment, the trial court found that Wife contributed to the marital real estate, both financially and by providing manual labor, from the time the parties began living together. The court awarded to Husband, among other items of property in his possession, the marital residence, valued at about $150,000, his 401(k) plan, valued at about $82,000, and any and all stocks and bonds in his name, valued at about $100,000. The court ordered Husband to be responsible for the remainder of the loan on the marital residence, about $47,000, and for the balance on three credit cards, totaling about $9,650. The court awarded to Wife, among other items of property, a 1998 Ford Ranger, which the court found Husband had purchased for Wife as a gift, with a clear title in her name, and a 1994 Dodge Dakota belonging to Child, which the court found had Wife's name on the title and was purchased for Child before the parties' marriage. The court also ordered Husband to pay to Wife $30,000 as an equalization payment of the marital property. The court found Child to be emancipated and ordered neither party to pay maintenance to the other. The court ordered Husband to pay to Wife's attorney $2,000 for attorney's fees.

On February 2, 2005, Husband filed a Motion to Set Aside Default Judgment and For New Trial (Motion to Set Aside) under Rule 74.06 arguing that the Judgment was secured by fraudulent, perjured, and misrepresented testimony, specifically, in regard to the nature and the extent of separate and marital property and its subsequent distribution and division. After several continuances, on September 15, 2005, the trial court held a hearing on Hus-

---

1. On December 8, 2004, Wife filed a notice of hearing for the dissolution hearing. On December 20, the same day as the dissolution hearing, Husband filed an Objection to Notice and Motion for Continuance, which the trial court overruled. In the motion, counsel for Husband indicated that he was unavailable for the dissolution hearing because he was scheduled for trial on another case and that he had instructed Husband in writing to appear for the dissolution hearing regardless of the presence of counsel.

band's Motion to Set Aside. The court heard Husband's Motion to Set Aside under Rule 74.05 and allowed Husband to make an offer of proof under Rule 74.06. On September 23, 2005, the trial court overruled Husband's Motion to Set Aside and deemed the Judgment final for appeal purposes. Subsequently, Husband filed a Motion for Leave to File a Late Notice of Appeal, which we granted. Husband appeals from the Judgment.

### Discussion

■ Husband raises two points on appeal. We address Husband's second point first as we find it dispositive. In his second point on appeal, Husband argues that the trial court abused its discretion in treating Husband's pleadings as though in default because, for dissolution proceedings, the application of sanctions under Rule 61.01 must be just and promote the purposes of discovery, and striking Husband's pleadings was unnecessarily excessive in that Husband complied or partially complied with the trial court's order and lesser sanctions were available to fully accomplish the purposes of discovery. Husband also maintains that striking his pleadings unnecessarily skewed the property division, specifically, the awards of the equalization payment, the two vehicles, and the stocks and bonds.

■ Rule 61.01(b) and (d) allows the trial court, upon motion and reasonable notice, to enter sanctions against a party for failure to timely answer interrogatories and/or produce documents. An evasive or incomplete answer to an interrogatory is considered a failure to answer. Rule 61.01(a). If sanctions are sought, the trial court may enter any order that is just, including an order striking part or all of the pleadings or entering a default judgment. Rule 61.01(b) and (d). The type of Rule 61.01 sanction should depend on the nature of the information sought in relation to the proceeding, what orders will best assist the party seeking the information, and the benefits and disadvantages to the parties and the court resulting from the sanction chosen. *J.B.C. v. S.H.C.*, 719 S.W.2d 866, 870 (Mo.App. E.D.1986).

■ We review the trial court's decision to strike pleadings for an abuse of discretion. *Crimmins v. Crimmins*, 121 S.W.3d 559, 561 (Mo.App. E.D.2003). We will not disturb the trial court's decision in this regard absent an unjust exercise of this discretion. *Id.* Our analysis is guided by the principle that dissolution cases are unique civil proceedings in that the trial court has special statutory duties to determine the nature and the extent of separate and marital property and to set apart the separate property and fairly divide the marital property. *J.B.C.*, 719 S.W.2d at 870.

We conclude that the trial court unjustly struck Husband's pleadings. As indicated in the trial court's order striking Husband's pleadings, at the time of the order, Husband was not in violation of any discovery order. Although we do not sanction Husband's behavior in failing to directly request copies of his recent wage statements from his employer, he nonetheless had complied with the trial court's order of signing a release for Wife to obtain copies of the statements from Husband's employer. Here Husband cannot be held responsible for his employer's failing to provide the documents as requested. Further, as stated by Wife in her Amended Motion to Strike Pleadings, Husband provided copies of his phone bills, although perhaps not in the preferred format. Therefore, any failure by Husband to provide discovery on this issue was, at most, partial. *See Houchins v. Houchins*, 727 S.W.2d 181, 184 (Mo.App. W.D.1987) (party's attempt to answer two interrogatories

but with insufficient detail considered, at most, partial failure to provide discovery).

Admittedly, Husband did not timely answer the interrogatories. However, of the at least eighteen interrogatories, only five answers were originally alleged deficient by Wife, one of which the trial court sustained an objection by Husband. Ultimately, only two answers remained in dispute, and, as discussed previously, Husband at least substantially complied with the trial court's orders pertaining to those issues. This case was not a total failure to comply with discovery nor did it involve repeated contemptuous actions. *Cf, e.g., Karolat v. Karolat,* 151 S.W.3d 852, 857–858 (Mo.App. W.D.2004) (within trial court's discretion to strike party's pleadings for failing to complete and intentionally preventing discovery as ordered); *Crimmins,* 121 S.W.3d at 560–561 (within trial court's discretion to strike party's pleadings for willfully disregarding court's order by failing to produce at any time, and intentionally destroying several of, the requested documents); *Whitworth v. Whitworth,* 878 S.W.2d 479, 482–483 (Mo. App. W.D.1994) (within trial court's discretion to strike party's pleadings for party's inaction and failure to answer any interrogatories); *In re Marriage of Dickey,* 553 S.W.2d 538, 540–541 (Mo.App.1977) (within trial court's discretion to strike party's pleadings for continuous refusals by party to disclose the state of his property, which deprived the court of information necessary to reach a considered decision).

By striking Husband's pleadings, the trial court did not benefit from, and, in fact, was deprived of, necessary information for the court to review in order to comply with its statutory duties in a dissolution proceeding. Thus, the sanction actually was counterproductive in that it precluded rather than furthered the objective of producing necessary information for the trial court to determine the main issue at trial, namely, the distribution of property. Considering the brevity of the marriage, the limited issues at trial, and the nature of Husband's discovery violation in that he was, ultimately, in compliance with the trial court's orders, the sanction was unnecessarily excessive and lesser sanctions were available to assist in the production of all information necessary to a proper adjudication of the case. Any Rule 61.01 sanction in excess of that which is necessary to accomplish the purposes of discovery may be an abuse of discretion. *J.B.C.,* 719 S.W.2d at 872. Under the facts and circumstances of this case, we conclude the trial court abused its discretion in striking Husband's pleadings and finding of default. Point granted.

*Conclusion*

The order dissolving the marriage is not appealed and is, therefore, affirmed. The remainder of the Judgment is reversed, and the case is remanded for retrial on all other issues.

CLIFFORD H. AHRENS, Presiding Judge and NANNETTE A. BAKER, Judge, Concur.