

# In the
## Missouri Court of Appeals
### Western District

| | | |
|---|---|---|
| **BRANDIE C. NOBLE,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD86378** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **MARCH 26, 2024** |
| **L.D. ENTERPRISES, INC.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Benton County, Missouri**
The Honorable Michael Brandon Baker, Judge

Before Division One:  Alok Ahuja, Presiding Judge, Cynthia L. Martin, Judge and
Thomas N. Chapman, Judge

Brandie C. Noble ("Noble") appeals from the trial court's entry of a judgment that dismissed with prejudice her claim for damages against L.D. Enterprises, Inc. ("L.D.") as a sanction under Rule 61.01[1] for Noble's failure to timely and properly respond to discovery requests from L.D.  Noble argues that deficiencies in her responses to discovery were insufficient to warrant the dismissal of her claim with prejudice as a sanction.  Finding no error, we affirm.

---

[1]All rule references are to *Missouri Court Rules, Volume 1 -- State, 2023* unless otherwise noted.

## Factual and Procedural History[2]

On or around July 14, 2014, Noble was walking on a parking lot controlled by L.D. that was cracked, uneven, and in an unrepaired condition.  Noble sustained injuries while walking on L.D.'s parking lot that required her to undergo medical procedures and need ongoing medical treatment.

On January 21, 2019, Noble filed a lawsuit seeking damages from L.D.[3]  Noble claimed in her petition that L.D. was negligent for failing to repair the dangerous conditions of the parking lot and for failing to barricade or warn people walking in the parking lot of its treacherous condition.  Noble voluntarily dismissed her lawsuit without prejudice on November 2, 2020.

Noble refiled her claim for damages against L.D. on October 18, 2021.  L.D. filed an answer in response to Noble's petition.  On May 25, 2022, L.D. filed certificates of

_____

[2]When reviewing whether the trial court's decision to use its inherent powers to sanction was an abuse of discretion, we view "only those facts . . . that were before the trial court when it ruled on the motion to dismiss, and the evidence will be viewed in a light favorable to the result of the trial court."  *Crawford v. Family Tree, Inc.*, 670 S.W.3d 55, 59 (Mo. App. W.D. 2023) (quoting *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 219 (Mo. banc 2008); *and see Hale v. Cottrell, Inc.*, 456 S.W.3d 481, 488 (Mo. App. W.D. 2014) (citing *Anglim v. Mo. Pac. R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992)) (finding that our view of the evidence in the light most favorable to the trial court's verdict applies to cases in which we review the trial court's decision to sanction for an abuse of discretion).

[3]"It has long been the law that courts may (and should) take judicial notice of their own records in prior proceedings which are (as here) between the same parties on the same basic facts involving the same general claims for relief."  *Ruff v. Bequette Construction, Inc.*, 669 S.W.3d 701, 707 n.3 (Mo. App. E.D. 2023) (quotation omitted). "Judicial notice of records from other related proceedings involving the same parties can be on the court's own motion or at the request of a party."  *Id.* (quoting *Moore v. Mo. Dental Board*, 311 S.W.3d 298, 305 (Mo. App. W.D. 2010)).

service indicating that "Opening Interrogatories to Plaintiff" and a "First Request for Production of Documents to Plaintiff" had been served on Noble.[4]  Although Noble was required by Rules 57.01(c)(1) and 58.01(c)(1) to serve responses to discovery on L.D. within thirty days of service, Noble failed to do so.  L.D. filed a motion to compel discovery on September 19, 2022.  Noble did not file a response to the motion to compel. Following a hearing, the trial court sustained L.D.'s motion to compel on October 5, 2022 and ordered Noble to respond to L.D.'s outstanding discovery within thirty days.  Noble failed to serve responses to L.D.'s outstanding discovery as ordered by the trial court.

On December 13, 2022, L.D. filed a motion to dismiss Noble's petition with prejudice as a sanction for Noble's failure to respond to outstanding discovery.  L.D. alleged that Noble had still failed to produce, object, or otherwise respond to the discovery that had been served on May 25, 2022, notwithstanding the trial court's October 5, 2022 order.  Noble did not file a response to the motion to dismiss.  On January 4, 2023, the trial court conducted a hearing on L.D.'s motion.  Although the parties did not request that the hearing be on the record, such that there is no transcript of the hearing, subsequently filed pleadings indicate that during the hearing Noble delivered a "box of documents" to L.D.  Noble did not file a certificate of service as required by Rule 57.01(c)(6) verifying that a signed original of the answers and objections, if any, to L.D.'s interrogatories had been served on L.D.  Noble did not file a certificate of service

---

[4]Pursuant to Rule 57.01(b)(3) at the time of service of interrogatories on an opposing party "a certificate of service, but not the interrogatories, shall be filed with the court as provided in Rule 57.01(d)."  Pursuant to Rule 58.01(b)(3) the same is true for service of requests for the production of documents.

as required by Rule 58.01(c)(6) verifying that a signed original of the responses and objections, if any, to L.D.'s requests for production of documents had been served on L.D. The trial court took the motion to dismiss Noble's petition with prejudice under advisement.

By March 29, 2023, no ruling had been issued on the pending motion to dismiss. L.D. filed a renewed motion to dismiss Noble's petition with prejudice alleging that the box of documents Noble delivered to L.D. during the January 4, 2023 hearing were deficient in several respects. L.D. noted that the box of documents did not include a written response to the outstanding request for production of documents. Furthermore, L.D. noted that although the box of documents did include "purported interrogatory answers," the interrogatory responses were deficient in four respects: (1) the interrogatory answers were not signed by Noble at all let alone under oath as required by Rule 57.01(c)(5); (2) Noble failed to provide a complete answer to interrogatory number 1; (3) Noble's response to interrogatory number 7 stated "see attached medical bills" yet no medical bills were attached; and (4) Noble's response to interrogatory number 19 was incomplete as it did not list all of her convictions. L.D. alleged that Noble's "willful disregard" of the trial court's October 5, 2022 order "should not be countenanced." L.D. also alleged that they had been greatly inconvenienced as a result of Noble's actions and inactions and that Noble's claim was "a very old claim which [Noble] previously dismissed," and that L.D. had been forced on three different occasions to file motions to obtain discovery warranting dismissal of Noble's petition with prejudice. L.D.'s renewed motion to dismiss was set for hearing on April 5, 2023.

4

Noble did not file a response to the renewed motion to dismiss. On April 1, 2023, Noble did file a certificate of service which purported to verify that Noble provided L.D. with amended answers to L.D.'s interrogatories. No certificate of service was filed by Noble with respect to L.D.'s outstanding request for production of documents.

After hearing arguments from Noble and L.D. during the April 5, 2023 hearing,[5] the trial court entered an order of dismissal with prejudice on April 11, 2023, sustaining L.D.'s motion to dismiss. The trial court noted that it had ordered Noble to respond to discovery on October 5, 2022; that Noble failed to do so which resulted in L.D.'s initial motion to dismiss; and that even though the initial motion to dismiss was taken under advisement (with the effect of affording Noble additional time), Noble "still did not fully and properly respond . . . even with the threat of her claim being dismissed with prejudice."

Noble filed a motion for reconsideration and argued that the trial court had never addressed the purported deficiencies in the discovery responses identified in L.D.'s March 29, 2023 motion to dismiss. Noble also argued that dismissal of her petition with prejudice was an excessive sanction because the sanction of dismissal should be reserved for situations where an "offending party exhibits repeated and protracted failure to comply with the rules of discovery." Noble's motion to reconsider made no mention of the "amended answers to interrogatories" Noble certified were served on L.D. on April 1, 2023.

---

[5]The parties did not request this hearing be on the record. As a result, there is no transcript from this hearing.

L.D. filed suggestions in opposition to Noble's motion for reconsideration. L.D. noted that Noble's first petition was not filed until four and a half years after her injury and that her lawsuit was dismissed without prejudice on the eve of a trial setting only to be refiled almost a year later just weeks before the running of the statute of limitations. L.D. reiterated Noble's failure to timely or properly respond to discovery first propounded on May 25, 2022, despite multiple motions having been filed by L.D. to enforce the discovery, and despite a court order directing Noble to respond to the discovery. L.D. noted that even the purported "amended answers" to interrogatories Noble served on L.D. on April 1, 2023, remained incomplete and that no response to the outstanding request for production of documents had ever been served on L.D. by Noble.

The trial court overruled Noble's motion to reconsider by docket entry on May 2, 2023. On June 6, 2023, the trial court entered a judgment of dismissal with prejudice ("Judgment") that is identical to the order of dismissal entered on April 11, 2023.[6]

Noble appeals.

### Standard of Review

"The circuit court is vested with 'broad discretion in administering the rules of discovery and in determining the proper remedy—including sanctions—for a party's non-compliance with the rules of discovery.'" *Washington v. Sioux Chief Mfg. Co.*, 662 S.W.3d 60, 67 (Mo. App. W.D. 2022) (quoting *Lewellen v. Universal Underwriters Ins.*

---

[6]Shortly after the May 2, 2023 docket entry Noble appealed the trial court's order of dismissal to this court. *See* WD86728. However, because Noble's appeal was not yet ripe due to lacking a final appealable judgment, she motioned to dismiss her own appeal on May 26, 2023. Our mandate was issued the same day.

*Co.*, 574 S.W.3d 251, 271 (Mo. App. W.D. 2019)); *and see Lee v. Lee*, 680 S.W.3d 501, 504 (Mo. App. W.D. 2023) (holding that a trial court's imposition of sanctions for a party's failure to make discovery will not be disturbed on review "unless it is unjust"). "Our review is limited to determining whether the circuit court could have reasonably concluded as it did, not whether we would have imposed the same sanctions under the same circumstances." *Washington*, 662 S.W.3d at 67 (internal brackets and quotations omitted). Specifically, "we will not disturb the circuit court's imposition of discovery sanctions unless we find the court abused its discretion." *Id.* (quoting *Lewellen*, 662 S.W.3d at 271).

"A trial court abuses its discretion when the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Clark v. Shaffer*, 662 S.W.3d 137, 142 (Mo. App. W.D. 2023) (citation omitted); *see also Holm v. Wells Fargo Home Mortg., Inc.*, 514 S.W.3d 590, 596 (Mo. banc 2017). "[I]f reasonable persons can differ about the propriety of the action taken by the trial court, then it cannot be said that [it] abused its discretion." *Hale v. Cottrell, Inc.*, 456 S.W.3d 481, 488 (Mo. App. W.D. 2014) (quoting *Anglim v. Mo. Pac. R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992)).

**Analysis**

Noble raises four points on appeal. Each argues that a specific deficiency with Noble's "interrogatory responses" identified in L.D.'s renewed motion to dismiss, which was filed after a box of documents was delivered to L.D. by Noble during a January 4, 2023 hearing, was insufficient to warrant the sanction of dismissal of her petition with

7

prejudice under Rule 61.01.  Point One argues that Noble's failure to sign the interrogatory answers included in the box of documents did not warrant dismissal of her petition.  Point Two argues that Noble's failure to completely answer interrogatory number 1 did not warrant dismissal of her petition.  Point Three argues that Noble's failure to attach medical bills to her interrogatory responses did not warrant dismissal.  Point Four argues that Noble's failure to identify all of her convictions in response to interrogatory number 19 did not warrant dismissal.

Noble's points on appeal do not challenge the sufficiency of the evidence to support finding that the interrogatory responses she delivered in the box of documents were deficient in the four ways identified by L.D.'s renewed motion to dismiss.  Noble's points on appeal do not address the additional deficiency raised in L.D.'s renewed motion to dismiss and again in their suggestions in opposition to Noble's motion to reconsider that Noble had never responded to the outstanding requests for production of documents.  And, even more critically, Noble's points on appeal challenging the sanction of dismissal artificially isolate the discussion of conceded deficiencies in her interrogatory responses ignoring that the trial court was entitled to cumulatively consider all of the circumstances relevant to Noble's disregard of the rules of discovery and prior court orders when it imposed the sanction of dismissal with prejudice of Noble's petition.  *See Washington*, 662 S.W.3d at 67; *and see Lewellen*, 574 S.W.3d at 274 (citation omitted) (finding that the court of appeals reviews "the circuit court's ruling for an abuse of discretion under the circumstances before the court at the time it entered its ruling").

These failings warrant summary rejection of Noble's points on appeal. Even if we generously read Noble's points on appeal to collectively argue that the four identified deficiencies in the interrogatory responses do not support the sanction of dismissal of Noble's petition, we would not find that the trial court abused its discretion based on the totality of the facts and circumstances in this case.

A trial court has an obligation to ensure that discovery rules are followed and to expedite litigation. *See Lee*, 680 S.W.3d at 504. To facilitate this obligation "Rule 61.01 gives trial courts significant discretion to impose sanctions that are 'just' when a party fails to answer interrogatories, produce documents, or attend depositions." *Holm*, 514 S.W.3d at 596. For purposes of Rule 61.01 "[a]n evasive or incomplete answer to an interrogatory is considered a failure to answer." *Cosby v. Cosby*, 202 S.W.3d 717, 721 (Mo. App. E.D. 2006). "The rule expressly contemplates that a trial court may, in its discretion, sanction a party for such misconduct by striking pleadings, limiting the party's ability to present evidence or otherwise participate at trial, [or by] entering a default judgment against the disobedient party[.]" *Holm*, 514 S.W.3d at 596-97. Furthermore, "an order striking pleadings . . . against a disobedient party can be made without a violation of a court order." *Frontenac Bank v. GB Investments, LLC*, 528 S.W.3d 381, 390 n.9 (Mo. App. E.D. 2017) (quotation omitted).

Though dismissal of a plaintiff's case, or the entry of a default judgment against a defendant,

> is an unforgiving punishment, . . . it is properly invoked in cases where the record sufficiently shows (1) the disobedient party engaged in a pattern of repeated disregard of the obligation to comply with the rules of

9

discovery, i.e., the party has demonstrated a contumacious and deliberate disregard for authority of the trial court; and (2) the opposing party was prejudiced thereby.

*Washington*, 662 S.W.3d at 67 (internal brackets and citations omitted). This is not to say that a "trial court must make a specific finding that the party's actions were contemptuous and resulted in prejudice from the non-compliance with discovery" as a precursor to imposing the harsh sanction of dismissal or entry of a default judgment. *Binder v. Thorne-Binder*, 186 S.W.3d at 864, 867 (Mo. App. W.D. 2006). "No such requirement appears in the Supreme Court Rules governing sanctions." *Id.*[7] But certainly where the record supports finding both contumacious and deliberate disregard for the authority of the trial court and prejudice to the opposing party we will not find that a trial court has abused its discretion in imposing the authorized Rule 61.01 sanction of dismissing an action or rendering a judgment by default.

Here, the record plainly supports the conclusion that Noble engaged in a pattern of repeated disregard of the obligation to comply with the rules of discovery that constituted

---

[7]The holding in *Tate v. Dierks* that "[p]rior to imposing sanctions upon the errant party 'the trial court first will determine whether in the particular situation the opposing party has been prejudiced'" is not inconsistent. 608 S.W.3d 799, 807 (Mo. App. W.D. 2020) (internal brackets omitted) (quoting *Laws v. Wellston*, 435 S.W.2d 370, 375 (Mo. 1968)). *Tate v. Dierks* addressed a trial court's decision to exclude testimony from a witness who was not disclosed until five days before trial. *See id.* at 804-808. Although a party's late identification of a witness often implicates a failure to comply with discovery rules requiring timely supplementation of responses, *Tate* did not involve a pattern of contumacious disregard of the rules of discovery rendering the court's focus on the prejudice, if any, that would be occasioned to the other party by late disclosure of a witness, an appropriate inquiry in determining whether to exclude the testimony at trial. *Tate* reinforces that Rule 61.01 does not require proof of unstated steps or evidentiary prongs as a precondition of imposing a particular sanction and instead bestows broad discretion on a trial court to impose sanctions that are just under the circumstances.

10

a contumacious and deliberate disregard for the authority of the trial court and that L.D. was thereby prejudiced. Noble was served with interrogatories and requests for production on May 25, 2022, and her answers or objections were due to be served on L.D. within thirty days. Noble did not respond to the outstanding discovery. Nor did she seek an extension of time to do so. L.D. was required to file a motion to compel Noble to respond to the outstanding discovery. Noble failed to file a response to this motion. The trial court granted the motion to compel and on October 5, 2022, entered an order directing Noble to serve responses to the outstanding discovery within thirty days. Noble ignored the trial court's order and failed to serve discovery responses on L.D. or to seek an extension of time to do so. L.D. was forced to file yet another motion and this time sought the sanction of dismissal of Noble's petition. Noble filed no response to this motion and instead appeared at the January 4, 2023 hearing on the motion with a "box of documents" that were unceremoniously delivered to L.D. Noble did not, however, file required certificates of service with the trial court affirming that the box of documents constituted served responses to the outstanding discovery. Noble was nonetheless afforded additional time to ensure compliance with outstanding discovery requests as the trial court took the pending motion to dismiss under advisement.

After reviewing the box of documents, L.D. was required to file a third pleading--a renewed motion to dismiss--that reasserted the request for the sanction of dismissal of Noble's petition. L.D. identified four deficiencies in the interrogatory answers that were in the box of documents (including that the interrogatory answers were not signed, let alone under oath, as required), and noted that the box of documents included no written

11

response to the request for production of documents. The renewed motion to dismiss was set for hearing on April 5, 2023. Once again, Noble filed no response to the motion but purported to file a certificate of service on April 1, 2023, affirming that interrogatory responses were served on L.D. on that day. No certificate of service was (or has ever been) filed for the outstanding request for production of documents. The interrogatory answers that were served on April 1, 2023, remained deficient according to L.D. At no time did Noble offer the trial court an explanation for her failure to timely or properly respond to outstanding discovery propounded by L.D. even when ordered to do so by the trial court. Even in Noble's motion for reconsideration, filed after the trial court entered its order on April 11, 2023, granting the renewed motion to dismiss and imposing the sanction of dismissing Noble's petition with prejudice, Noble offered no explanation for her deliberate indifference to the deadlines imposed on her by Supreme Court Rules and by the trial court's earlier order.

The result is that after nearly a year of waiting, L.D. still did not have complete responses to interrogatories nor any response to their request for production of documents. The record is more than sufficient to permit the conclusion that the trial court did not abuse its discretion in dismissing Noble's petition with prejudice. *See Binder*, 186 S.W.3d at 867-68 (affirming the trial court's Rule 61.01 sanction striking parties' pleadings and refusing to permit cross-examination at trial where party refused to answer interrogatories in a timely manner after being twice ordered to do so requiring other party to file three motions to enforce discovery, two of which sought sanctions, and as to which no responses were ever filed and where the party never sought extensions of time to serve

12

responses to discovery, never provided any explanation to the court for the failure to provide responses, and only provided responses (which were deemed deficient) after sanctions were imposed).

Noble argues on appeal that her incomplete answers to interrogatories did not warrant dismissal of her petition because they were only "partial violations" and asserts that "[o]nly total failures to comply with discovery or repeated contemptuous actions should warrant a dismissal with prejudice."[8] Rule 61.01 expressly states to the contrary as it provides that "an evasive or incomplete answer is to be treated as a failure to answer." Rule 61.01(a).

Noble also argues on appeal that two of the four deficiencies in her interrogatory responses identified in L.D.'s renewed motion to dismiss were remedied by the interrogatory responses she served on L.D. on April 1, 2023. However, Noble never argued before the trial court (including in her motion for reconsideration) that her contumacious and deliberate disregard of the rules of discovery and of the trial court's earlier order should be excused by her delinquent service of interrogatory responses on

---

[8]To support this proposition, Noble cites *Cosby v. Cosby* out of the Eastern district. *See* 202 S.W.3d at 722. However, *Cosby* does not hold that a dismissal with prejudice is only warranted when there have been total failures to comply with discovery. *Id.* Instead the *Cosby* court found that dismissal was not warranted when a party provided a few incomplete answers but had otherwise timely responded to interrogatories, objected to specific requests and responded to a motion to compel. The court reasoned that on these facts there "was not a total failure to comply with discovery nor . . . repeated contemptuous actions" and that the party was "ultimately, in compliance with the trial court's orders." *Id.* Therefore, Noble's contention that *Cosby* holds that a court can not enter a dismissal with prejudice for "partial violations" of discovery orders is misguided.

April 1, 2023, that even now Noble admits remained deficient. Even had she made this argument before the trial court, we would not find the trial court to have abused its discretion in imposing the sanction of dismissal given the pattern of deliberate disregard demonstrated by Noble prior to April 1, 2023, and given Noble's continued failure to serve responses of any kind to the outstanding request for production of documents.[9]

The trial court did not abuse its discretion by entering a Judgment dismissing Noble's petition with prejudice as a Rule 61.01 sanction for Noble's discovery abuses.

Points One, Two, Three, and Four are denied.

## Conclusion

The trial court's Judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[9] Curiously, Noble defends her failure to attach medical bills to the interrogatory responses included in the box of documents delivered to L.D. on January 4, 2023, (despite an interrogatory answer that referred L.D. to the attached medical records) by arguing the records were included in the box as a part of Noble's response to the outstanding request for production of documents. That bare assertion is not verified by the record which affords no basis for us to conclude that medical records were included in the box of documents Noble gave L.D. on January 4, 2023. More to the point, Noble never served a written response to the outstanding request for production of documents on L.D. making it impossible to "excuse" a deficiency in Noble's interrogatory responses by reference to a nonexistent response to L.D.'s request for production of documents.

14